EDWARD D. PETERS, JR. *vs.* CHARLES SIDERS.

Plymouth. Oct. 15, 1878. — Jan. 4, 1879. AMES, ENDICOTT & SOULE, JJ.,
absent.

Evidence that a testatrix, who, by a will dated nine months after marriage, devised all her estate to her husband, had by an antenuptial agreement reserved to her sole use certain real estate and the right to dispose of it by will, and that she had a child born a month after the will was made, will justify a finding that her omission to provide in her will for the child was intentional, and not occasioned by accident or mistake, under the Gen. Sts. *c.* 92, § 25.

WRIT OF ENTRY, dated September 8, 1877, to recover a parcel of land in Hingham. Plea, *nul disseisin*. At the trial in this court, before *Soule*, J., without a jury, the following facts appeared:

The parents of the demandant, Henry H. Peters and Susan B. Thaxter, were married on July 12, 1848, having made, six days before, an antenuptial agreement, by which Susan reserved to her sole use and benefit an undivided third part of certain lands, including the demanded premises, and also the right to dispose of the same by will. The demandant, who was the only issue of the marriage, and sole heir-at-law of his mother, was born on June 1, 1849. His mother died on July 21, 1849, at the age of twenty-two years, leaving a will dated April 30, 1849, and duly proved and allowed on October 13, 1849, by which she gave all her real and personal property of which she should die possessed, including that reserved by the antenuptial agreement, to her husband.

On July 3, 1849, on petition of the demandant's parents and other heirs of Edward Thaxter, the Probate Court ordered that partition be made of the real estate of Edward Thaxter, including the demanded premises, of which the demandant's mother and her sister were each then seised and possessed, in her own right, of one undivided third part, the other third part being then owned by their brother, Edward T. Thaxter, who had notice of said petition, and by his guardian waived objection thereto. Commissioners were appointed, who, on January 28, 1850, made return to the Probate Court of their proceedings, reciting the death of the demandant's mother, and her will, and thereupon assigned to her husband, his heirs and assigns, the whole of the demanded

premises, with others, reciting also that the demandant's mother had "devised all her right, title and interest in said real estate to her husband, his heirs and assigns." The partition was accepted and confirmed by the Probate Court on January 30, 1850. The demandant's father, claiming under the will and proceedings in partition, conveyed all the demanded premises to the tenant, in two parcels, by deeds dated May 20, 1864, and July 3, 1868, and died in 1877. The tenant has been in possession of the demanded premises since those dates, claiming title thereto.

The demandant asked the judge to rule as follows: "1. There is no sufficient evidence that the omission to provide for the plaintiff in the will of his mother was intentional; and, as it is not contended that he was provided for by the testatrix, in her lifetime, he is entitled to judgment under the Gen. Sts. c. 92, § 25. 2. There is no evidence in the case sufficient to overcome the presumption of said statute. 3. The plaintiff, upon the evidence, is entitled, not merely to an undivided third part, but to the whole of the premises."

The judge refused so to rule; found as a fact that the omission of the testatrix to provide for the demandant in her will was intentional, and not occasioned by accident or mistake; and reported the case for the consideration of the full court.

If the court should be of opinion that there was no evidence which would warrant a finding that the omission to provide for the demandant was intentional, judgment was to be entered for him for the whole of the demanded premises, or for such part thereof as it should appear he was entitled to; otherwise, judgment was to be entered for the tenant.

*J. R. Churchill*, for the demandant. 1. The burden of proving the testatrix's intent to omit, and the absence of accident and mistake, is upon the tenant. The presumption is in favor of the demandant. Gen. Sts. c. 92, § 25. *Ramsdill* v. *Wentworth*, 106 Mass. 320. The evidence discloses simply those facts which must exist before this presumption can be raised or the statute have any application, namely, the existence of a child, his parent's will, and the total omission therein to provide for the child. The finding of intent to omit, upon such facts, is unwarranted. *Bancroft* v. *Ives*, 3 Gray, 367. If this finding is sus-

tained, mere knowledge on the part of a testator of the existence of his child is sufficient to overthrow the presumption raised by the statute; and the operation of the statute is practically restricted to the case of children whose existence is unknown until after the making of the will. Yet the statute has been applied to children born before, as well as to those born after, the making of the will; and conceding that, upon principles of human nature, it is always a fair presumption that a testator knows of the existence of his child when he makes his will, yet this natural presumption, unaided by other evidence, has not availed in those cases, and ought not to overthrow a statutory presumption. *Ramsdill* v. *Wentworth*, 101 Mass. 125, and 106· Mass. 320. *Tucker* v. *Boston*, 18 Pick. 162.

2. The evidence is to be viewed and construed in the light of the statute, which assumes and presumes that a testator not only may, but does, forget his omitted child, though then in existence; and conceding again, on natural principles, that it is incredible that a mother should forget her child in making her will, yet this is precisely what the statute contemplates as credible, and to be presumed, notwithstanding a contrary presumption or inference which might be reasonable enough except for the statute. A statutory presumption arising in view of certain given facts ought not to be overthrown by an inference from the same facts which would be reasonable in the absence of the statute. Stark. Ev. (8th Am. ed.) 818. *Bancroft* v. *Ives*, 3 Gray, 367. *Snow* v. *Warner*, 10 Met. 132. *Denny* v. *Williams*, 5 Allen, 1. *Chase* v. *Breed*, 5 Gray, 440.

3. The case is distinguishable from *Buckley* v. *Gerard*, 123 Mass. 8. There is here no evidence that the father "was acute and shrewd and able and familiar with business;" that the mother "was a woman of great intelligence and capacity;" and there is no evidence of her affection for or confidence in her husband, of his devotion to her, and, of course, no evidence of affection for the unborn child.

*A. French*, (*E. Ames* with him,) for the tenant.

COLT, J. The mother of the demandant, who died July 21, 1849, executed her will April 30 of the same year, by which she gave all the real and personal property of which she might die possessed to her husband. Before her marriage, she had exe-

cuted an antenuptial contract by which she secured the demanded premises to her sole use and benefit, with the right to dispose of the same by will.   The demandant, who was her sole heir at law, and the only issue of the marriage, was born within about one month after the will was executed, and there was an entire omission to provide for him therein.

The demandant contends that, under the provisions of the Gen. Sts. c. 92, § 25, he takes the same share of his mother's estate as he would have been entitled to if she had died intestate.   This depends on whether the omission was intentional, and not occasioned by accident or mistake.   That was the only question before the court.

The case was tried by a justice of this court, without a jury, and he found as a fact, that the omission was intentional, and not occasioned by accident or mistake.   In the opinion of the court, there was evidence sufficient to warrant his finding.

The omission may be shown to be intentional, either by the terms of the will, or by extrinsic parol evidence.   *Wilson* v. *Fosket*, 6 Met. 400.   There is nothing in this will, except the fact of the omission, which indicates a purpose not to provide for her son.   But the relation of the testatrix to the objects of her bounty and to the child for whom provision is omitted, as well as her intelligence, and the circumstances under which the will is made, are all proper matters for consideration.   *Buckley* v. *Gerard*, 123 Mass. 8.   The judge might well find that the fact that the testatrix was so soon to be delivered of her first child must have been in her mind when the will was made, and could not have been forgotten.   There is no suggestion of any mistake of fact or law, or any ignorance on the part of the testatrix, or any oversight of the scribe, as the cause of the omission.   The making of the will at that time warrants a presumption that it was made in anticipation of her confinement, and with a purpose that, if the event should prove fatal, her property should go to him on whom would devolve the care and support of the child. *Ramsdill* v. *Wentworth*, 101 Mass. 125.

By the terms of the report, the entry must be

*Judgment for the tenant.*