### WILLIAM MINOT, executor, petitioner.

Suffolk.   March 6, 1895. — June 20, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Omission to provide by Will for Children — Mortgage — Personal Debt of Testator.*

There is no omission to provide by will for children if there should be any living at the testator's decease, within the meaning of Pub. Sts. c. 127, § 21, if, after a bequest to his wife, whom he knew to be pregnant at the time of making the will, he gave the whole of the rest of his property to a trustee to pay the whole income to the wife during life, and the reversion to those who at the time of her death would be his heirs at law by blood.

---

Where a mortgage upon the real estate of the wife is made by the husband and the wife in her right, to secure their joint and several promissory note, the note will be regarded after his death, upon the petition of his executor to obtain the instructions of the court, as his own personal debt, if that conclusion seems justified by the facts, though meagre, with the inferences that may be drawn from them.

PETITION, by the executor of the will of George R. Minot, to obtain the instructions of the court as to the construction of the will.

The petition alleged that the testator by will bequeathed " all my articles of household and personal use or ornament " to his wife, and also ten thousand dollars in money or in such securities as his executor might select, and gave the residue to the petitioner, in trust to pay the income to the wife during life, and the reversion " to those persons who, if my death occurred at the time of her death, would then be my heirs at law by blood " ; that the testator left surviving him his widow, Agnes Minot, and one son, Francis Minot, born on November 8, 1891, after a period of gestation covering more than nine months, which date of birth was subsequent to the making and publication of the will, which took place on March 23, 1891 ; that prior to and at the time of making the will, the testator knew that his wife was pregnant; that the petitioner, as executor, had practically settled the estate ; and was ready and willing to qualify as trustee, but that his duties in the premises and the rights of said Agnes and Francis, under the statutes of this Commonwealth, were doubtful under the terms of the will in connection with the circumstances attending the making thereof and the subsequent birth of said Francis Minot.

The petition further alleged that there was a mortgage upon the real estate of the wife in Milton, which was the home of the testator and wife, made by the testator and by her in her right, to secure the joint and several promissory note of themselves for $20,000, due in five years from date, with interest semiannually at four and one half per cent, given to one Mason, dated September 15, 1891, and duly recorded ; that the proceeds of the note went into and formed part of the general funds of the testator, from which, between April, 1891, and October, 1892, he expended over $35,000 in the construction of a house and stable upon said real estate, and in purchases of furniture for the same ; that the contracts for the construction and purchases were made in the sole name and as the sole liability of the testator, and all

debts incurred thereunder were exclusively his personal debts; that it was doubtful whether or not, as between the widow of the testator and his estate, the estate was bound for and should pay the whole of the mortgage debt, or one half part or any part thereof, and whether the executor should reserve assets, and if any to what extent, to meet such debt when due.

The case was heard by *Holmes, J.*, and reserved for the consideration of the full court.

*F. Rackemann*, for the petitioner, read the papers in the case.

*F. Brewster*, for the brother and sisters of the testator, and guardian *ad litem* for the minor children of the brother, and for all persons not ascertained or not in being.

*M. Morton*, guardian *ad litem*, for Francis Minot.

*S. Butler*, for Agnes Minot.

ALLEN, J. 1. By Pub. Sts. c. 127, § 21, it is provided that " when a testator omits to provide in his will for any of his children, or for the issue of a deceased child, they shall take the same share of his estate that they would have been entitled to if he had died intestate, unless they have been provided for by the testator in his lifetime, or unless it appears that the omission was intentional, and not occasioned by accident or mistake." This statute applies to children born in the testator's lifetime, but after the making of the will. *Bancroft* v. *Ives*, 3 Gray, 367.

At the time the will was made, the testator's son was not born, and we are not informed whether he then or ever had any other child. After a bequest to his wife, he gave the whole of the rest of his property to a trustee, who was to pay the whole income to the testator's wife during her life, and the reversion was to go to those persons who would then be his heirs at law by blood; that is, to his children, if any should then be living. He knew that his wife was pregnant, and the above provision was no doubt intended to include the child, and there was therefore no omission to provide in his will for his children, if there should be any living at his death. The case is to be distinguished from *Bowen* v. *Hoxie*, 137 Mass. 527, where after the testator's death a child was born, which it would seem that the testator did not have in mind at the time of making his will. In the cases now before us, the provision of the will apparently had reference to such children as might be born after the mak-

ing of the will. *Buckley* v. *Gerard*, 123 Mass. 8. *Peters* v. *Siders*, 126 Mass. 135.

2. When a husband and wife join in a mortgage of her land to secure a debt of the husband, her estate is considered only as a security for the debt, for which the husband and his estate are primarily liable; and the wife or her heir, after the death of the husband, will be entitled to have it exonerated out of the estate of the husband. *Savage* v. *Winchester*, 15 Gray, 453, 455. *Deane* v. *Caldwell*, 127 Mass. 242, 246.

It is therefore to be determined as a question of fact whether the note for $20,000, signed by the husband and his wife, and secured by mortgage of her land, is to be deemed the debt of the husband, or of the wife.

There is nothing to negative the ordinary inference, when a house is built by one person on land of another, that the house and stable when erected on her land became hers. *Webster* v. *Potter*, 105 Mass. 414. If therefore the debt was his, it would imply that he intended to bear the expense of erecting the buildings for the family establishment, leaving the whole real estate to stand in her name.

It seems clear that the furniture was bought with the husband's funds, and there is nothing to negative the inference that it was his property. It appears to be included in the bequest to her of "all my articles of household and personal use or ornament." The cost of the furniture alone is not stated. It is said that "he expended over $35,000 in the construction of a house and stable upon said real estate, and in purchases of furniture for the same." Upon this statement, we should hardly suppose that the cost of the furniture would be as much as $15,000, though it might be so. If less than that amount, then certainly a portion of the husband's expenditure must have been upon the buildings, even if she is held bound to pay the note for $20,000. It appears by inference from the terms of the will that the husband was possessed of some means. Apparently he had some real estate, and also securities to more than the value of $10,000. The fact of such an establishment, costing over $35,000 besides the land, warrants an inference of some means or income with which to maintain it. But we are not informed, otherwise than by inference from the terms of the will, what

property or income he had, or whether she had any means whatever with which to pay the interest, amounting to $900 a year, on the note, or the note itself when due, in September, 1896. It is stated that the contracts for the construction of the buildings and the purchases of furniture were made in the sole name and as the sole liability of the husband, and that all debts incurred thereunder were exclusively his personal debts. The date of the will was March 23, 1891, and the date of the note and mortgage September 15, 1891. At the time of giving the latter, the husband knew that under the will she would receive but $10,000 in ready money, which would be available for paying the interest or principal of the note, provided she should continue in the home which they were then establishing; but the income which she would receive under the will is not stated. He also knew that in case of his death she would have their child to support, if it should live, as he had made no provision for its immediate support, otherwise than by his provisions for her.

On the whole, the somewhat meagre facts which are stated, with the inferences which may be drawn from them, seem rather to point to the conclusion that the testator intended to assume the payment of the mortgage note as his own personal debt.

*So ordered.*