EZRA L. BROWNE, administrator, *vs.* HENRY M. BIXBY & another, executors.

Essex.   November 9, 1905. — January 2, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Husband and Wife.   Surety.   Equity Pleading and Practice.*

The administrator with the will annexed of the estate of a married woman may maintain a bill in equity against the executor under the will of her husband, to compel him to pay from the estate of the husband a note given by the husband and wife jointly for a debt of the husband and secured by a mortgage on real estate of the wife, so as to relieve the estate of the wife from liability.

The administrator with the will annexed of the estate of a wife is a proper party

to maintain a bill in equity against the legal representative of her husband, to compel the defendant to pay a note given by the husband and wife jointly for a debt of the husband and secured by a mortgage on real estate of the wife.

KNOWLTON, C. J.   This is a bill in equity, brought by the administrator with the will annexed of a married woman, against the executors of the will of her husband.   It comes to this court on an appeal of the plaintiff from a decree sustaining the defendants' demurrer and dismissing the bill.   The case presented by the averments of the bill shows a joint note of the husband and wife, given for a loan of $8,000 made to the husband by the Georgetown Savings Bank, with a mortgage upon the wife's real estate, given as security for the note.   The husband was the principal, and the wife was a surety, who signed her name and conveyed her separate property for his benefit, as security for his debt.   Her legal representative now seeks to compel his representatives to exonerate her property and relieve her estate from liability by paying the note.   The principal ground of the demurrer is that the transaction was a contract between husband and wife, which neither a court of law nor a court of equity will enforce.

The foundation of the suit is not a contract made by the husband with his wife, but the application of a familiar law of suretyship, which gives a surety a right, as between him and his principal, to be reimbursed for his payments and relieved from liability for outstanding debts by the principal who is primarily liable for them.   The relation of husband and wife, existing between the principal and the surety, does not prevent the enforcement of this general rule.   In *Minot, petitioner*, 164 Mass. 38, 41, the law is stated by Mr. Justice Allen as follows: " When a husband and wife join in a mortgage of her land to secure a debt of the husband, her estate is considered only as a security for the debt, for which the husband and his estate are primarily liable; and the wife or her heir, after the death of the husband, will be entitled to have it exonerated out of the estate of the husband."   In *Savage* v. *Winchester*, 15 Gray, 453, 455, the subject is fully discussed by Mr. Justice Hoar, with a citation of the authorities, and the rule is stated broadly in similar language.   In *Robinson* v. *Gee*, 1 Ves. Sr. 251, 252, Lord Hardwicke said, " It is a common case for a wife to join in a

mortgage of her inheritance for a debt of her husband; after the husband's death she is entitled to have her real estate exonerated out of the personal and real assets of the husband; the court considering her estate only as a surety for his debt." This dictum has become generally recognized law, both in England and America. *Aguilar* v. *Aguilar*, 5 Madd. 414. *Hudson* v. *Carmichael*, Kay, 613. *Neimcewicz* v. *Gahn*, 3 Paige, 614. *Wilcox* v. *Todd*, 64 Mo. 388. *Shea* v. *McMahon*, 16 App. D. C. 65. *Johns* v. *Reardon*, 11 Md. 465. *Bull* v. *Coe*, 77 Cal. 54. *Hubbard* v. *Ogden*, 22 Kans. 363. *Shinn* v. *Smith*, 79 N. C. 310.

The defendants contend that, if an action of this kind can be maintained, it should be brought by heirs or devisees, and not by the administrator with the will annexed. It does not appear what disposition of the real estate is made by the will in this case; but even if the plaintiff is not called upon to administer it directly, we are of opinion that he has an interest to have it exonerated, sufficient to enable him to maintain the suit. Whether it goes to devisees under the will, or to heirs as undevised property, if the mortgage is enforced against it, the devisee or heir will be entitled to resort to the administrator to have the debt paid out of the personal assets, to the exemption of the real estate. In this way the plaintiff is interested to have the mortgage discharged, so that the personal estate of the testatrix may not be held upon her note, or upon a claim of the heir or devisee, if the real estate is taken under the mortgage.

*Decree reversed ; demurrer overruled.*

*R. M. Mahoney*, for the plaintiff.

*W. D. Chapple*, for the defendants.