## CATHERINE R. DOWNEY *vs.* CHARLES A. KING.

Suffolk.    December 9, 1908. — February 23, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Dower.    Husband and Wife.*

Discussion by KNOWLTON, C. J. of the effect of the enactment of R. L. c. 132, § 1, and c. 140, § 3, upon the rights of a surviving husband after the death of his wife and of a surviving wife after the death of her husband.

Under R. L. c. 132, § 1, a widow cannot have a common law dower right in land of which her deceased husband was seised during her coverture unless she files her election to claim such dower in the registry of probate within one year after the date of the approval of the bond of the executor or administrator of the will or estate of her deceased husband.

WRIT OF DOWER, dated April 16, 1904, under R. L. c. 180, by the widow of Martin E. Downey, who died intestate on December 21, 1903, to establish the demandant's dower right in two parcels of land in that part of Boston called Jamaica Plain.

In the Superior Court the case was tried before *Stevens*, J. Besides other instruments, there were put in evidence the probate papers of the estate of Martin E. Downey, consisting of a petition for administration by Catherine R. Downey, and a bond

on which it was stated that in the belief of the petitioner there was no real estate. It was admitted that no claim of dower was filed in the Probate Court; that proper demand, under R. L. c. 180, was made by the demandant ; that the demandant was the widow of Martin E. Downey, and that Martin E. Downey acquired title to the property in question under a certain deed.

Issues were framed for the jury as to whether the demandant executed, authorized or ratified the signatures on a mortgage deed from Downey to the Boston Safe Deposit and Trust Company dated November 4, 1895, and a mortgage from Downey to King and others dated May 27, 1899, which the jury answered in the negative.

The demandant asked the judge to rule that upon the law, the evidence and the findings of the jury, she was entitled to have her dower in the premises set off to her. The judge refused so to rule, and ordered a verdict for the tenant. The demandant alleged exceptions.

*J. M. Graham,* for the demandant.

*S. H. Batchelder,* for the tenant.

KNOWLTON, C. J. This writ was brought by the demandant, the widow of Martin E. Downey, to recover her dower in two parcels of land owned by the tenant.

The R. L. c. 132, § 1, is in part as follows: " A husband shall, upon the death of the wife, hold one-third of her land for his life. Such estate shall be known as his tenancy by curtesy, and the provisions of law applicable to dower shall be applicable to curtesy. A wife shall, upon the death of her husband, hold her dower at common law in her deceased husband's land. Such estate shall be known as her tenancy by dower. But in order to be entitled to such curtesy or dower the surviving husband or wife shall file his or her election and claim therefor in the registry of probate within one year after the date of the approval of the bond of the executor or administrator of the deceased, and shall thereupon hold instead of the interest in real property given in section three of chapter one hundred and forty, curtesy or dower, respectively, otherwise such estate shall be held to be waived."

Section 3 of c. 140 provides for the distribution of property not lawfully disposed of by will, and gives to a widow, if her hus-

band leaves issue, one third of his personal property and one
third of his real property remaining after the payment of his
debts, the charges of his last sickness and funeral, and of the
settlement of his estate ; if he leaves no issue, it gives her $5,000
and one half of the remaining personal property, and one half
of the remaining real property, and if he leaves no kindred, it
gives her the whole of the remaining real and personal property.
It makes a like provision for a husband surviving after the
death of his wife.

The enactment of these statutes worked a material change in
the rights of a surviving husband after the death of his wife,
and of a surviving wife after the death of her husband. The
law gives a fractional share in fee in real property, which in
most cases is more valuable than an estate by dower or by
curtesy. The section first quoted provides that a husband shall
hold one third of his deceased wife's land for life, provided he
files his election or claim therefor within one year. If he does
this he holds this statutory tenancy by curtesy, instead of the
fractional share in fee to which he otherwise would be entitled.
This provision takes effect upon her death, and applies only to
the land which she then owns. Rights of curtesy which existed
when the statute took effect can be claimed in the same manner;
but, if so claimed, the husband can take no other interest in any
part of the wife's real or personal property. Except the rights
of curtesy preserved and the tenancy by curtesy created by this
section, curtesy is abolished by the statute.

Dower at common law is dealt with somewhat differently.
It is not abolished for the future, but is continued for the bene-
fit of wives afterwards married, as well as of those married pre-
viously, subject to the provision that a wife, to avail herself of
it, must file her election in the registry of probate, and, in that
case, must take the dower instead of her absolute fractional
share of her husband's real estate, but without giving up her
share of his personal property. The intention of the provision
is to give a widow her election to take the prescribed fractional
share of the real estate absolutely, or to take her dower at com-
mon law. Unless she files her election to take it she waives
her right of dower at common law. This dower at common law
includes an interest in all the property in which her husband

had a freehold estate at any time during her coverture, except when she has barred it in some way recognized by law. See St. 1854, c. 406; Pub. Sts. c. 124, §§ 3, 5, 10; c. 174, §§ 1, 10.

The contention of counsel that the provision for assigning dower and curtesy by the Probate Court implies that the dower referred to is only in land of which the husband died seised is not well founded. Of course, the provision for assigning dower by the Probate Court does not apply to lands not owned by the husband at the time of his death, when her right of dower in them is called in question. But that was so under the similar provision before this change in the statute, and this provision has no significance upon the question before us.

As the demandant failed to make the election referred to in the statute, she waived her right of dower at common law in her husband's property.

It is unnecessary to consider the other questions raised by the bill of exceptions.

*Exceptions overruled.*