ANNIE FITCHER *vs.* EDWARD L. GRIFFITHS & others.

Bristol.    October 27, 1913. — November 25, 1913.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DE COURCY, JJ.

*Dower. Husband and Wife. Mortgage,* Of real estate. *Equity Jurisdiction,* To redeem mortgage of real estate, Subrogation, To avoid circuity of remedy.

Notwithstanding the provision of St. 1900, c. 450, § 5, now R. L. c. 132, § 1, to the effect that a widow's right of dower shall be deemed to have been waived unless she files within a limited time an election to claim it, a wife still may maintain a bill in equity to redeem from a mortgage real estate in which she has an inchoate right of dower.

Where a wife releases her right of dower in certain real estate by joining in a mortgage of the real estate to secure a debt of her husband, she in relation to his debt is in a position analogous to that of a surety, and, if she pays her husband's debt to redeem the real estate from the mortgage, she is subrogated to the rights of the mortgagee, and such rights against her husband will be enforced for her benefit in equity; and, to avoid circuity of remedy, instead of obliging the wife to pay off the mortgage and enforce her right of subrogation, the husband, in a suit in equity brought by his wife, will be ordered to pay to the mortgagee the full amount due upon the mortgage note with interest, and the mortgagee will be ordered upon receiving such payment to deliver the note to the husband and discharge the mortgage.

RUGG, C. J. This is a suit to enjoin the foreclosure of a mortgage given in 1898 by the defendant Ezekiel Fitcher, in which his wife, the plaintiff, joined releasing her rights.† The note secured by

* ·Entered by order of *Dubuque,* J.

† A final decree was made by *Sanderson,* J., ordering that the plaintiff be permitted within thirty days to pay the defendant Mills the $1,300 due on the·mortgage with interest at the rate of five per cent per annum from May 9, 1912, and that the defendants pay to the plaintiff the costs of the suit.    The plaintiff appealed.

this mortgage, originally for $8,500, had been reduced from time to time, so that in 1912, when it was assigned to the defendant Griffiths, $1,300 was due upon it. The consideration for this assignment was furnished by the defendant Mills at the request of the defendant Fitcher's attorney, Griffiths having no actual interest in the transaction. Since the filing of this bill the mortgage has been assigned to the defendant Mills. In 1911 a decree was entered in the Probate Court to the effect that the plaintiff was living apart from her husband for a justifiable cause, and ordering him to pay her a weekly allowance. It is the intention of the defendant Fitcher to have an actual sale made by foreclosure of the property in question (which is the home where the plaintiff and three of the children of herself 'and the defendant Fitcher reside) and that thus title may be transferred without further release of dower by the plaintiff. The defendant Fitcher has property of considerable value other than the real esate here in question. The plaintiff is able only through the assistance of friends to pay whatever may be due upon the mortgage.

It is plain that a wife may maintain a bill to redeem from a mortgage real estate in which she has an inchoate right of dower. She has a right to pay the debt and free the estate from the mortgage lien. *Davis* v. *Wetherell*, 13 Allen, 60. *Lamb* v. *Montague*, 112 Mass. 352. The reason upon which these decisions rest still obtains notwithstanding the provisions of St. 1900, c. 450, § 5, now R. L. c. 132, § 1, to the effect that the dower of a widow shall be deemed to be waived unless she files an election to claim it in the registry of probate within a limited time. See *Downey* v. *King*, 201 Mass. 59. An inchoate right of dower is a kind of property with incidents *sui generis*. It is (as was said by Chief Justice Parker in *Bullard* v. *Briggs*, 7 Pick. 533 at 538) "a valuable interest, which is frequently the subject of contract and bargain. . . . It is more than a possibility, and may well be denominated a contingent interest." It has also been referred to as "a vested right of value, dependent on the contingency of survivorship," *Mason* v. *Mason*, 140 Mass. 63, though the strict accuracy of calling it "vested" has been doubted in *Flynn* v. *Flynn*, 171 Mass. 312. But whatever its precise technical description may be, it is an incumbrance upon land, *Shearer* v. *Ranger*, 22 Pick. 447, its release is a good consideration for a promise, *Holmes* v.

*Winchester,* 133 Mass. 140, and it is protected by the courts during coverture, *Burns* v. *Lynde,* 6 Allen, 305. Therefore, where a wife releases her dower right by joining in a mortgage to secure a debt of her husband, she stands in a position analogous to a surety for his debt. A wife, who has mortgaged her separate estate to secure her husband's debts, is entitled to exoneration out of her husband's estate. The release of a dower right for the same end stands on the same basis. It is familiar law that when a surety pays a debt of his principal he is entitled to be subrogated to the benefit of the securities deposited by the debtor with the creditor. This rule applies to a wife who has become surety for her husband as well as to others. *Savage* v. *Winchester,* 15 Gray, 453. *Browne* v. *Bixby,* 190 Mass. 69. There is no distinction in reason between the mortgage by a wife of her separate property to secure her husband's debt and her release of her inchoate right of dower for the same purpose. In each case she parts with a valuable property interest for the benefit of his creditor. The same degree of relief should be afforded her in each case.

Although no action at law can be maintained between husband and wife, their conflicting rights touching property may be adjusted in equity. *Lombard* v. *Morse,* 155 Mass. 136, 140. *Frankel* v. *Frankel,* 173 Mass. 214. *Patterson* v. *Patterson,* 197 Mass. 112, 117. *Woodard* v. *Woodard, ante,* 1. Therefore in equity the plaintiff may secure enforcement of her rights by subrogation if she pays the indebtedness of her husband to the defendant Mills as the holder of the note and mortgage. Mills cannot be compelled to assign his mortgage. *Kerse* v. *Miller,* 169 Mass. 44, 48. He is only obliged to accept payment in full and surrender his security. The plaintiff being entitled to redeem, if she pays, she is entitled to the securities held by the defendant Mills. He holds the note which is the primary obligation of the defendant Fitcher and the mortgage. In equity both of these may be kept alive and enforced for the benefit of the plaintiff. Even at law they would be kept alive in her hands and after his decease she could enforce them against his estate, and during his life she may transfer a good title to third persons who may enforce them against him directly. *Crosby* v. *Clem,* 209 Mass. 193. Equity gives the right of present enforcement if this is necessary in order to protect the rights of

all parties. The plaintiff after paying the note and mortgage and having them both surrendered to her, forthwith could demand payment of her husband. This demand could be enforced in equity by foreclosure of the mortgage. But it is to prevent a foreclosure and the consequent extinguishment of her dower that this bill is brought. A part of the security of the defendant Mills to which she would be subrogated in the event of payment of the note by her would be the personal liability of the husband on the note. In order that the rights to which she would be subrogated may not be barren of benefit to her it would be necessary to enforce this personal liability in equity. As was held in substance in *Newell* v. *Hadley,* 206 Mass. 335, 340, it is the law that where the money of A (not a pure volunteer) has been used to extinguish the obligation of B, equity will enforce against B for the benefit of A the obligation of B's creditors paid with A's money. This, however, would be a circuitous route by which to afford relief to the plaintiff upon the circumstances disclosed on this record. All the parties are now before the court. It appears that the husband is possessed of sufficient resources. The simple and direct method is to order the defendant Fitcher to pay to the defendant Mills the amount of the mortgage and interest. We do not perceive that any substantial rights of the husband will be adversely affected by pursuing this undeflected course. The same result will be accomplished in one way as in the other. It will save the parties the employment of much legal machinery and some unnecessary expense. It is not encroaching upon the plain rule which prohibits actions at law between husband and wife. It is merely applying well recognized principles of equity jurisprudence to the working out of a novel problem affecting the property relations of husband and wife.

A decree may be entered directing the defendant Fitcher to pay to the defendant Mills the amount due upon the note, with interest and costs of foreclosure, and the defendant Mills to deliver to him the note and mortgage upon such payment, and that thereupon the mortgage be declared discharged.

> *Decree reversed, new decree to be entered in accordance with this opinion.*

*C. R. Cummings,* for the plaintiff.

*L. E. Wood,* for the defendants, submitted a brief.