FLORA E. TUTTLE, In Equity

*vs.*

JOSEPH H. DAVIS, Executor, and NETTIE L. ELWELL.

Androscoggin.   Opinion October 21, 1915.

*Appeal.*   *Breach.*   *Condition to Support.*   *Damages.*   *Foreclosure.*
         *Mortgage.*                    *Redemption.*

This is an appeal from the decision of the sitting Justice in a cause in equity.  The bill is brought to redeem certain real estate from a mortgage given on April 16, A. D. 1900, by one John H. Tuttle, husband of Flora E. Tuttle, to his father and mother, George Tuttle and Mary F. Tuttle, conditioned to support them, or the survivor of them, so long as they might live, on the premises described in the mortgage or at such other place as George Tuttle or Mary F. Tuttle might choose, the same to be at no further expense to John H. Tuttle than on the home farm.  Mary F. Tuttle, after the death of her husband, commenced foreclosure of this mortgage on March 22, 1913.

The only question is whether the plaintiff has such an interest in the mortgaged premises as will permit her to redeem.

*Held:*  she has such right.

On appeal from decision of sitting Justice in a cause in equity. Appeal denied.   Case remanded.

This is a bill in equity, brought by Flora E. Tuttle against Joseph H. Davis, in his capacity as executor of the last will and testament of Mary F. Tuttle, late of Durham, deceased, to redeem certain real estate described in the bill from a mortgage given by John H. Tuttle, husband of said Flora E. Tuttle, to his father and mother, conditioned to support them during their natural lives, etc.   The presiding Justice, before whom the cause was heard, ordered, adjudged and decreed that said bill be sustained, etc.   From this decree, the defendant appealed to the next Law Court.

The case is stated in the opinion.

*Oakes, Pulsifer & Ludden,* for plaintiff.

*Newell & Woodside, and L. A. Jack,* for defendants.

SITTING: SPEAR, KING, BIRD, HALEY, HANSON, JJ.

SPEAR, J.    This is an appeal from the decision of the sitting Justice in a cause in equity.   The bill is brought to redeem certain real estate from a mortgage given on April 16, A. D. 1900, by one John H. Tuttle, husband of Flora E. Tuttle, to his father and mother, George Tuttle and Mary F. Tuttle, conditioned to support them, or the survivor of them, so long as they might live, on the premises described in the mortgage or at such other place as George Tuttle or Mary F. Tuttle might choose, the same to be at no further expense to John H Tuttle than on the home farm.   Mary F. Tuttle, after the death of her husband commenced foreclosure of this mortgage on March 22, 1913.

A deed of the mortgaged premises was given to Nettie L. Elwell by Mary F. Tuttle in her life time, and she was made a party defendant in this case.   It also appeared that the plaintiff, Flora E. Tuttle, joined in the mortgage given by her husband, releasing her right by descent in the premises.

No evidence was introduced by either side and the case is now before the Law Court on an appeal by Nettie L. Elwell from the decision of the presiding Justice in which he found upon the facts stated in the bill and admitted in the answer, that the plaintiff has a "legal right to redeem from the mortgage given by John H. Tuttle to George Tuttle and Mary F. Tuttle in which she joined in release of her descendable rights as the wife of the said John H. Tuttle."

The parties, by agreement filed in court, stipulated that the damages for breach of the covenants of the mortgage should be assessed at the sum of three hundred dollars.   This agreement, as we understand, was to go into effect only in case it should be decided that the plaintiff had the right to redeem and was made contingent upon such finding.

It is claimed in the brief of Nettie L. Elwell that the case is devoid of any evidence to show what was done after September 26, 1908, by the plaintiff or her husband towards performing the conditions of the mortgage until the death of Mary F. Tuttle on March 22, 1913.

This objection is immaterial, as the appeal is from the finding of the court, as a matter of law, that the plaintiff had a right to redeem, with an agreement, if the court so found "that the damages for

breach of the covenants should be assessed at the sum of three hundred dollars." The sitting Justice in his decree found the damages to be $300, according to the agreement which covers the very omission of which the defendant complains. The first prayer of the bill is "that an account may be taken of the sum equitably due the defendant." But the taking of an account could be for the purpose only of determining what the plaintiff should pay for the failure of the mortgagor to fulfil the conditions of the mortgage and was supplanted by the agreement that the sum equitably due the defendant for his failure was $300.

The only question accordingly is whether the plaintiff has such an interest in the mortgaged premises as will permit her to redeem. We have no doubt she has. Every principle of equity and justice is in favor of it, as well as the earliest and latest authorities. *Smith* v. *Eustis,* et al., 7 Maine, 41, decided in 1830 and cases cited unequivocally established the rule, and *Fletcher* v. *Griffiths,* et als., 216 Mass., 174, decided in 1913, reaffirms it. These are cases involving dower, but the reason for the rule should be all the stronger under our present statute, where the wife's interest is a fee, upon the death of the husband, and not merely an incohate right.

*Appeal denied.*
*Case remanded.*