CONNECTICUT MUTUAL LIFE INSURANCE COMPANY *vs.*
J. WESTON ALLEN, trustee in bankruptcy, & another.

Suffolk.    January 15, 1920. — February 28, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Assignment. Insurance*, Life: assignment of policy. *Bills and Notes*, Validity. *Equity Pleading and Practice*, Finding by trial judge, Answer.

The beneficiary and the insured under a policy of life insurance executed an assignment of the policy under seal, "In Consideration of Fifteen Hundred Dollars to us paid," to one from whom the insured had borrowed that sum of money. The insured also delivered to the assignee a promissory note bearing his signature and the forged signature of the beneficiary. The assignment did not state that it was given as security nor did it contain any reference to the note. Because of claims made, after the death of the insured, by the assignee and by a trustee in bankruptcy of the beneficiary, the insurer brought a bill of interpleader and

a judge, who heard the claims of the defendants, found that the policy was pledged as security to the assignee for the loan of $1,500 and refused a request of the trustee in bankruptcy of the beneficiary that he rule "that the assignment . . . was made as collateral security for the payment of said note." The trustee alleged an exception. The evidence was not reported. *Held*, that the finding of the judge must be assumed to be warranted by the evidence and that the exception must be overruled.

In the same suit it was *held* that, no question of pleading having been raised at the trial, the defendant assignee was not precluded from insisting upon his rights under the assignment by an allegation in his answer, to which a copy of the assignment was annexed, that the assignment was given as security for the note.

In the suit above described, a request by the trustee in bankruptcy for a ruling that, if the beneficiary under the policy "did not sign the note, but did sign the assignment," the assignee "could not recover," was *held* to have been refused properly.

It also was *held* that, a finding being warranted that the assignee held the policy as a pledge for the payment of money advanced and interest by virtue of an assignment executed by the beneficiary under the policy, his claim, to the extent of the amount due him, was superior to the claim of the trustee in bankruptcy, which was no greater than that of the beneficiary, and that a refusal to rule that the assignee "could not recover" was proper.

BILL OF INTERPLEADER, filed in the Superior Court on June 29, 1914, alleging in substance that claims to the proceeds of a policy of life insurance issued by the plaintiff upon the life of one George E. Williams had been made, after the death of the insured, by the defendant J. Weston Allen, trustee in bankruptcy of Sadie E. Williams, the beneficiary named in the policy, and by the defendant Augusta M. Bibber, who alleged that the insured and the beneficiary had assigned to her their rights in the policy to secure the repayment of $1,500 loaned by her.

The assignment, which was dated September 8, 1902, and was executed under seal by Sadie E. Williams and by George E. Williams, was in substance as follows: "In Consideration of Fifteen Hundred Dollars to us paid, we hereby assign, transfer, and set over unto Augusta M. Bibber . . . her executors, administrators, and assigns," the policy in question "together with any and all profits due or to become due thereon." It contained no mention of a note nor of the fact that it was executed as security.

The allegation in the answer of the defendant Bibber, to which reference is made in the opinion, was that George E. Williams and Sadie E. Williams on September 8, 1902, gave to her "their promissory note for $1,500 . . . and that as security for said

note the said George E. Williams and Sadie E. Williams at the same time gave . . . [her] an assignment of the policy," a copy of the assignment being annexed to the answer.

By an interlocutory decree the plaintiff was discharged upon paying into court the proceeds of the policy in question. The case then was heard by *Fox,* J., upon the issues raised by the bill and the answers of the defendants. The material evidence, requests of the defendant Allen, trustee, for rulings and findings of the judge are described in the opinion. The judge ordered a decree allowing the claim of the defendant Bibber; and the defendant Allen, trustee, alleged exceptions.

*H. W. Packer & J. W. Allen,* for the trustee in bankruptcy.

*W. E. Rowell,* for the defendant Bibber.

DE COURCY, J. The Connecticut Mutual Life Insurance Company in December, 1898, issued to George E. Williams a policy of $5,000 payable on his death to Sadie E. Williams, wife of the insured. Williams borrowed $1,500 from Augusta M. Bibber in September, 1902, and delivered to her the insurance policy, an assignment of the same signed by himself and wife, and a promissory note signed by him and bearing the forged signature of his wife. Williams died in July, 1913, and in November, 1913, said beneficiary Sadie E. Williams was adjudicated bankrupt. Both Miss Bibber and the trustee in bankruptcy of Mrs. Williams made claim to the proceeds of the policy; whereupon the insurance company brought this bill of interpleader, and later was discharged upon paying the money into court. The trial judge ordered a decree in favor of the defendant Bibber "for the amount secured by the assignment, with interest thereon." The case is here on exceptions taken by the defendant Allen, trustee.

The fourth request of the defendant trustee was "that the assignment of the policy in question was made as collateral security for the payment of said note." The judge refused to make that finding, and apparently found that the policy was pledged as security for the loan of $1,500 to Williams, and not as security for the note as such. The evidence is not before us, and we must assume that it warranted the findings made. In fact it is alleged in the bill that the defendant Bibber claimed under an assignment executed "In Consideration of Fifteen Hundred Dollars," and that the defendant trustee in bankruptcy denied the validity of the

assignment. In his answer said trustee admitted the truth of these allegations. The assignment itself recites that it was given "In Consideration of Fifteen Hundred Dollars to us paid." No question of pleading was raised; and the defendant Bibber is not precluded by the statement in her answer that the assignment was given as security for the note. At the trial it was her contention that the signature "Sadie E. Williams" on the note was genuine.

The foregoing disposes also of the fifth request, "that if Sadie E. Williams did not sign the note, but did sign the assignment, the claimant Bibber could not recover in this cause." The request could not be given for the further reason that the judge might well have found that the note was the valid promissory note of George E. Williams, (R. L. c. 73, § 141,) and that Mrs. Williams by joining in the assignment to secure a debt of her husband, thereby validly pledged her interest in the policy. *Browne* v. *Bixby,* 190 Mass. 69.

We find no error in the refusal to rule "that the claimant Bibber could not recover in this cause." The judge was warranted in finding that she held the policy as a pledge for the payment of the money advanced and interest, by virtue of an assignment executed by Mrs. Williams. To the extent of the amount due, her claim is superior to that of the defendant Allen, trustee in bankruptcy, whose rights are no greater than those of Mrs. Williams. *Upton* v. *National Bank of South Reading,* 120 Mass. 153. See *Jeffrey* v. *Rosenfeld,* 179 Mass. 506.

*Exceptions overruled.*