MARIAN A. RICKER *vs.* PERLEY G. RICKER.

Essex.    December 3, 1923. — April 15, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Equity Jurisdiction,* Suit by divorced spouse to compel indemnification from liability as joint maker of negotiable instrument signed without consideration during coverture. *Husband and Wife. Surety. Bills and Notes.*

A divorced wife may maintain a bill in equity against her former husband to enforce rights which arose during coverture if such rights rest upon established principles of equity and not upon a contract, express or implied, made by the parties while they were husband and wife.

A wife signed as a joint maker with her husband a note payable to a bank, receiving no consideration for her signature and doing so solely for the accommodation of her husband.    At the maturity of the note, the husband refused to pay it and, upon demand made upon her, the wife paid the interest on the note and gave her own note for the principal.    Thereafter she was granted a decree absolute of divorce, following which she again paid the interest on the note and on her note made a small payment on account of the principal and gave a further note for the balance of the principal.    In a suit in equity by her against her former husband to require him to pay the note given by her to the bank and to exonerate her from liability thereon and to repay to her the sums which she had expended for interest and payments on the principal, it was *held,* that under the rule of equity granting a surety a right against the principal for reimbursement, and not by reason of any contract express or implied between the husband and the wife, the plaintiff was entitled to the relief sought.

BILL IN EQUITY, filed in the Superior Court on June 4, 1923, and described in the opinion.

The defendant demurred to the bill on the ground of want of equity.    The demurrer was heard by *Quinn,* J., by whose order there were entered an interlocutory decree sustaining the demurrer and a final decree dismissing the bill.    The plaintiff appealed from both decrees.

*R. C. Davis,* for the plaintiff.

*C. B. Terry,* for the defendant.

CARROLL, J.    In this suit in equity, the plaintiff alleges that she was granted a divorce from the defendant, her former husband, which divorce became absolute on April 9,

1923; that on November 26, 1921, she signed with the defendant as makers a note payable to the Gloucester Safe Deposit and Trust Company; that she received no consideration for her signature and signed the note solely for his accommodation; that at the maturity of the note the defendant refused to pay it; that on November 1, 1922, the holder of the note demanded payment of her; that she then paid the interest and gave her own note for $270 (the amount of the original note), and on May 1, 1923, paid the interest and a sum on the principal and gave her note in renewal for the sum of $265, payable in six months. She further alleged that by reason of becoming an accommodation maker upon the original note, she is now personally indebted to the trust company upon her personal note of $265, and has paid from her own estate the interest and the sum of $5 on the principal; and that the defendant, though often requested, refuses to indemnify her. She asked in her prayer that the defendant be ordered to pay the note given by the plaintiff to the Gloucester Safe Deposit and Trust Company and exonerate her from liability thereon; and further, that he be required to pay the plaintiff the sums expended by her for interest and payments of principal on said note.

In the Superior Court the defendant's demurrer was sustained by an interlocutory decree; a final decree was entered dismissing the bill, from which decrees the plaintiff appealed.

The plaintiff's bill was filed after the divorce became absolute. Contracts between husband and wife are prohibited; G. L. c. 209, § 2; and a promissory note for money lent by the wife to the husband is void; *Gahm* v. *Gahm*, 243 Mass. 374, and cases cited. But rights arising during coverture may be enforced between parties who are no longer husband and wife, if they rest upon established principles of equity and not upon contract express or implied. It was decided in *Savage* v. *Winchester*, 15 Gray, 453, that a widow who had mortgaged her estate to secure her husband's debt, and had paid the debt since his decease, could prove her claim for the purpose of exonerating her estate before commissioners in insolvency. If the plaintiff

signed the note, as alleged in her bill, for her husband's accommodation, she became a surety for him. *Guild* v. *Butler*, 127 Mass. 386, 389. In *Browne* v. *Bixby*, 190 Mass. 69, a joint note was given by husband and wife for a loan made to the husband, and the wife gave a mortgage on her real estate to secure the note; after the death of the husband and wife, a suit in equity was brought by the administrator of the wife's estate against the executors of her husband's will to exonerate her property and relieve her estate from liability on the note. Chief Justice Knowlton said: " The foundation of the suit is not a contract made by the husband with his wife, but the application of a familiar law of suretyship which gives a surety a right, as between him and his principal, to be reimbursed for his payments and relieved from liability for outstanding debts by the principal who is primarily liable for them. The relation of husband and wife, existing between the principal and the surety, does not prevent the enforcement of this general rule." See *Atkins* v. *Atkins*, 195 Mass. 124; *Fitcher* v. *Griffiths*, 216 Mass. 174.

These decisions are not to be distinguished, because in them specific property was included, while in the case at bar no specified property of the plaintiff was involved. The property of the wife securing the debt of her husband is exonerated not by reason of any contract between them to that effect but because of the rule, which gives to the surety the right of reimbursement against the principal. These decisions rest upon principles of equity and upon the law of suretyship which give the surety the right of reimbursement against the principal who is primarily liable. " It is familiar law that when a surety pays a debt of his principal he is entitled to be subrogated to the benefit of the securities deposited by the debtor with the creditor. This rule applies to a wife who has become surety for her husband as well as to others." *Fitcher* v. *Griffiths*, 216 Mass. 174, 176.

These cases recognize that husband and wife during coverture may become surety for each other; that the rights arising from this relation of suretyship may be enforced so far as they are noncontractual; that the right to be in-

demnified arises when the surety pays the debt of the principal. " As was held in substance in *Newell* v. *Hadley*, 206 Mass. 335, 340, it is the law that where the money of A (not a pure volunteer) has been used to extinguish the obligation of B, equity will enforce against B for the benefit of A the obligation of B's creditors paid with A's money." *Fitcher* v. *Griffiths*, 216 Mass. 174, 177. Relief is not given the wife who is called upon to pay the husband's debt, merely because she has pledged her separate property as security for its payment, but because she was surety for his debt and in equity he was bound to indemnify her for her loss. Her claim to relief in equity is as well founded when she asks to be exonerated from the payment of her husband's debt from her general estate, as in the case when she seeks the exoneration of specific property. If the property of a married woman is given as security for her husband's debt, it may be exonerated, and herself personally relieved from the debt of the principal. In our opinion, it follows that the wife who gives the security of her personal obligation only, may likewise be relieved therefrom.

The right of contribution between sureties is not based on contract but is founded on principles of equity. *Hobart* v. *Stone*, 10 Pick. 215, 218. See *Ruabon Steamship Co. Ltd.* v. *London Assurance*, [1900] A. C. 6, 11.

The bill alleges that the plaintiff signed the note with her husband solely for his benefit; that she received no consideration for her signature; that she was called upon to pay and gave her note to the payee in renewal of the original note. When the plaintiff paid the original indebtedness, an equitable obligation arose on the part of the defendant to relieve the plaintiff of this indebtedness and exonerate her estate, and her right to relief did not rest upon contract either express or implied. See *Minot, petitioner*, 164 Mass. 38, 41; *Browne* v. *Bixby, supra; Dering* v. *Earl of Winchelsea*, 1 Cox Eq. 318, 321.

The interlocutory decree sustaining the demurrer and the final decree dismissing the bill must be reversed, and a decree entered overruling the demurrer.

*Ordered accordingly.*