HAROLD C. MILLER *vs.* MARY RUTH PERRY & others.

Plymouth.   November 5, 1954. — September 29, 1955.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Mortgage,* Of real estate:  as security for debt of another, breach of con-
   dition, foreclosure.

In a suit in equity against husband and wife for authority to foreclose a
   mortgage by the wife to the plaintiff of her real estate purporting to
   secure payment of a specified sum "as provided in our note," a finding
   by the trial judge that the mortgage was given as security for pay-
   ment of the unpaid balance on a promissory note made by the husband
   alone to the plaintiff long before the mortgage was not shown to be
   plainly wrong. [159]
Evidence that when a bill in equity for authority to foreclose a mortgage
   on real estate was filed the mortgagee had paid premiums for fire in-
   surance and there was a lien for water charges on the premises war-
   ranted a finding of breaches by the mortgagor of the statutory condi-
   tions of the mortgage. [159]

BILL IN EQUITY, filed in the Superior Court on January 7,
1952.

The suit was heard by *Pecce,* J.

The final decree provided as follows:

" 1. That the counterclaim of the respondents, Mary Ruth
Perry and Charles H. Perry, be and hereby is dismissed
without costs.

" 2. That the respondent, Charles H. Perry, owes the pe-
titioner . . . the sum of $24,242.60, being the balance due
on his note dated June 29, 1951, which note is secured by
the mortgage of the respondent, Mary Ruth Perry to the
petitioner . . . dated June 29, 1951 . . . .

" 3. That this petition was filed under the provisions of
the soldiers' and sailors' civil relief act of 1940 and amend-
ments thereto for authority to foreclose [the mortgage] by
entry and possession and the exercise of a power of sale
[and] . . . the petitioner is hereby authorized to foreclose

the . . . mortgage by entry and possession and the exercise of the power of sale contained therein.

"4. That the respondents, Mary Ruth Perry and Charles H. Perry, are hereby directed to pay costs to the petitioner . . . ."

In this court the case was submitted on briefs.

*John G. Brackett*, for the defendants.

*Alton F. Lyon*, for the plaintiff.

RONAN, J. This is an appeal by the defendants Perry from a final decree granting authority under the soldiers' and sailors' civil relief act of 1940, U. S. C. (1946 ed.) Title 50, Appendix, § 532, to foreclose by entry and possession and the exercise of the power of sale a mortgage given by the defendant Mary Ruth Perry, the wife of the defendant Charles H. Perry, to the plaintiff on June 29, 1951, to secure the payment of the unpaid balance on his note dated May 31, 1947, given to the plaintiff; fixing the amount due on said mortgage; and dismissing the counterclaims of the Perrys.

The judge made a report of the material facts and we have a transcript of such portions of the testimony as were designated by the parties. All questions of law, fact, and discretion are open for review by us and we can make findings in addition to those made by the trial judge but we do not disturb his findings of fact unless they appear to be plainly wrong.

When this controversy was here before, *Perry* v. *Miller*, 330 Mass. 261, we held that this mortgage was valid and Mrs. Perry's bill in equity to set it aside was ordered dismissed.

There is little dispute as to the material facts. The defendant Charles H. Perry, hereinafter called Perry, on May 31, 1947, entered into a conditional sale agreement with the plaintiff for the purchase of the machinery, tools, and good will of his woodworking business for $45,768. Perry paid $5,000 in cash and gave the plaintiff his note for $40,768 payable in eight yearly instalments of $4,552 and a ninth instalment in the sum of $4,352. The note also pro-

vided that failure to pay an instalment when due would render the entire unpaid balance due at the election of the holder of the note. The woodworking mill was located upon land belonging to the plaintiff's wife, Linnea T. Miller, and this was purchased on May 31, 1947, by the defendant Mary Ruth Perry, who gave back a first mortgage to the plaintiff's wife as a part of the purchase price. Perry on June 8, 1951, was in arrears on the payment of the instalment due on May 31, 1951. The plaintiff and Perry agreed that Miller would not insist upon exercising the acceleration clause in the note if Mrs. Perry would give a second mortgage on the mill site to secure the payment of the unpaid balance due on the note, and they also agreed that Perry should have an extension of six months in which to pay the balance of the May 31 instalment. There was then an unpaid balance of $26,312 on Perry's note.

The judge found that the plaintiff and Perry agreed on June 28, 1951, to an extension of six months for the payment of the balance of the May 31, 1951, instalment. The plaintiff agreed to forbear demanding at that time the entire amount due under the acceleration clause and to permit Perry to continue to make payments as provided in his note. Perry agreed to have Mrs. Perry give a second mortgage securing the payment of the balance due on his note. Perry, however, made no payments upon this instalment after October, 1951, leaving $1,002 unpaid upon this instalment. He never paid anything after this last mentioned time upon this instalment or otherwise upon his note. Perry owes $21,562 as principal upon his note, as the judge properly found. He also owes interest down to February 1, 1954, the date of the final decree, amounting to $2,366.18, or a total of $23,928.18, and the decree should so state and order him to pay this sum with interest from the date of the decree.

On June 29, 1951, Mrs. Perry gave the plaintiff a second mortgage upon the mill site with mortgage covenants and upon the statutory conditions to secure the payment of $26,312 "in five years with four (4) per centum interest per annum payable annually as provided in our note." Neither

Mrs. Perry nor Perry signed any note in connection with this mortgage.

Where a wife joins in a mortgage of her separate realty to secure a debt of her husband, her estate is considered as security for his debt for which he and his estate are primarily liable. *Savage* v. *Winchester*, 15 Gray, 453, 455. *Browne* v. *Bixby*, 190 Mass. 69, 70–71. *Ricker* v. *Ricker*, 248 Mass. 549. The terms and conditions upon which one becomes a surety are to be ascertained from the instrument creating that undertaking construed in reference to the usages of business, the object sought to be accomplished, the relations of the parties to each other, and the attending circumstances. *Zeo* v. *Loomis*, 246 Mass. 366, 368. *L. Littlejohn & Co. Inc.* v. *Handy*, 246 Mass. 370, 374. *Schneider* v. *Armour & Co.* 323 Mass. 28, 30. *Agricultural National Bank* v. *Brennan*, 295 Mass. 325, 329.

The defendant Mrs. Perry undertook to secure the payment of the indebtedness of her husband to the plaintiff. The judge found that she intended upon the execution and delivery of the mortgage "to incorporate by reference the obligations provided in the Perry note." This amounted to a finding that she knew of the existence of the note before she gave the mortgage. She testified that she knew that she was executing a mortgage as security for the payment of the indebtedness of her husband to the plaintiff arising out of her husband's purchase of the tools, equipment, and good will of the business on May 31, 1947, and that he then did not have enough money to fully pay in cash. She denied that she knew of the existence of his note before she signed the mortgage. She also testified that she noticed the words "as provided in our note" and requested an explanation and was advised that it was not for additional money that "we would owe him" (the plaintiff) but for money already owed him, and that she then executed the mortgage. She knew that she had never given the plaintiff any note. She and her husband, the plaintiff and his wife, together with an attorney, comprised the group who were present in the plaintiff's office in 1947 passing the various

papers when she acquired the title to the real estate and when her husband executed the conditional sale agreement and the note. It was open to show by extrinsic evidence the indebtedness to secure which the mortgage was given, and we cannot say that, in finding that it was given as security for the payment of Perry's note, the judge was plainly wrong. *Hall* v. *Tay*, 131 Mass. 192. *Payson* v. *Lamson*, 134 Mass. 593. *Barry* v. *General Mortgage & Loan Corp.* 254 Mass. 282, 287. See *Charlestown Five Cents Savings Bank* v. *Zeff*, 275 Mass. 408; *Merchants National Bank* v. *Stone*, 296 Mass. 243.

Besides the default of her husband in the payment of his note which occurred not later than December, 1951, it could be found upon the evidence that there was a breach by Mrs. Perry in failing to comply with the conditions of her mortgage which existed at the time the bill was filed. Her mortgage was given upon statutory conditions and contained the statutory power of sale. G. L. (Ter. Ed.) c. 183, §§ 20, 21. She was required in accordance with the terms of her mortgage to keep the mill insured, for the benefit of the mortgagee, in a sum not less than the amount secured by the mortgage. There was uncontradicted evidence that prior to and since June, 1951, the mortgagee has paid the premiums for fire insurance. Protection from fire would seem to be essential for a woodworking mill. Furthermore, there was a lien for water on the mortgaged premises in January, 1952, which with subsequent charges for water was paid by the plaintiff in 1953 and the lien discharged. See G. L. (Ter. Ed.) c. 40, §§ 42A–42F, as amended. We think a breach of the mortgage existed on January 7, 1952, when the bill was filed.

The plaintiff entered the mortgaged premises on June 2, 1952, and has since retained their use and occupancy. The fair and reasonable monthly rent is $200. The plaintiff has credited this amount each month to the amount due on the mortgage and does not object to it being chargeable to him. He has paid the 1953 taxes amounting to $390.22 and during that year he paid premiums on fire insurance on the

mortgaged property amounting to $216.19. The face of the mortgage should be reduced from $26,312 by $3,193.59 on account of nineteen months' rent, less the 1953 taxes and the fire insurance paid in 1953. There was no error in dismissing the counterclaims.

The final decree which was entered on February 1, 1954, and which after rescript will be brought down to date must be modified in the second paragraph as follows: The figure $23,928.18 is to be substituted for the figure $24,242.60 and the date May 31, 1947, must be substituted for the date June 29, 1951, where that date first appears in that paragraph. There should be added to this paragraph the words "and he is ordered to pay $23,928.18 with interest at six per cent a year." There should be added to the end of the third paragraph the words "but the face amount of that mortgage shall be deemed to be $23,118.41 instead of $26,312." As so modified, the final decree is affirmed with costs of the appeal.

*So ordered.*