CASE 17—PETITION EQUITY—JANUARY 13.

## Sparks vs. Steamer "Kate French."

APPEAL FROM LOUISVILLE CHANCERY COURT.

Under the *second section of chapter seven of the Revised Statutes*, a steamboat is liable, (1,) for any damages unlawfully done by *the boat* to any other boat, vessel, &c., or to any other property, through the willful or negligent conduct of her officers or crew ; and (2,) for any other damage willfully or negligently committed by her officers or crew, while acting for her as such—although, at the time of the injury complained of, the steamer had been chartered by the owners to other persons, and the injury was done by the officers and crew employed on the boat by the charterers, and not by the owners.

*Quere.* In such case, would the *owners* be *personally* liable for the injury, or would the personal liability rest upon the charterers, as temporary *owners* within the meaning of the statute, *supra?*

---

Sparks vs. Steamer "Kate French."

*Quere.* Under the first section of the chapter, *supra*, does a lien exist on a steam-boat for debts for supplies, materials, &c., contracted by persons who had chartered it from the owners ? Whether the decision in the case of *Parmele vs. Steamer "Mary Stevens"*—wherein it was held that in such case no lien existed on the boat—is to be deemed altogether authoritative, is questionable.

HELM & BRUCE, for appellant, cited *Rev. Stat., chap. 7, sec. 2* ; *Civil Code, sections* 46, 125, 153, 341, 339, 340.

JEFF. BROWN, for appellee, cited *Civil Code, secs.* 125, 453.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

This is an appeal from a judgment dismissing an action brought by Sparks, in which he sought to subject the steamboat "*Kate French*" to liability for an injury to a flat owned by the plaintiff, alleged to have been committed through the willful, negligent, and wrongful conduct of the officers and crew of the steamboat.

It was proved on the trial that at the time of the injury complained of, the steamboat had been chartered by the owners to other persons, and that the injury was done by the officers and crew employed on the boat by the charterers, and not by the owners. Upon this ground the chancellor decided that neither the steamboat nor owners were liable to the plaintiff, and dismissed the petition, from which judgment the plaintiff has appealed.

The statute creating the liability sought to be enforced in this case, is to be found in the second section of the chapter on boats and navigation, (1 *Rev. Statutes, page* 202,) and is as follows :

"A steamboat or other vessel in the last section named, and owner, shall also be liable to indemnify the party injured for any damage unlawfully done by *her* to any other boat, vessel, or river craft, or to any other property, through the willful or negligent conduct of her officers or crew, and for any other damage willfully or negligently committed by her officers or crew, while acting for her as such."

The language of this section is very explicit. Both the *boat* and *owner* are made liable, *first*, for any damage unlawfully done by *the boat* to any other boat, vessel, &c., or to any other property, through the willful or negligent conduct of her offi-

cers or crew; and, *secondly*, for any other damage willfully or negligently committed by her officers or crew, while acting for her as such.

The appellant's cause of action is embraced by the second of the two sub-divisions of the section. He claims indemnity for the damage to his property, willfully committed by the officers and crew of the "Kate French," while acting for her as such; and the facts on which his claim is founded are conclusively sustained by the evidence.

It is contended, however, that the statute must be construed to embrace only such damage as may be committed by the officers or crew that are under the employment of the *owners* of the boat, and not such officers or crew as might be employed by charterers of the boat.

This construction is inadmissible for two reasons: First. It is opposed to the unequivocal and plain language of the statute, which makes the owner and boat liable for the acts of her officers or crew, provided such acts are committed by them while acting for the boat as such officers or crew. The liability is made to depend on no other condition. The argument under review, however, adds another and very material qualification or proviso, namely, that the officers and crew must, at the time, not only be acting for the boat as such, but must be acting under the employment and control of the owners. This would be making, rather than expounding, the law.

But it is, in the second place, equally clear that the construction contended for is opposed to the policy and objects of the statute, and would operate to impair, if not to destroy, its efficacy. The owner would have nothing to do but to charter his boat to some irresponsible person, who, with his officers and crew, might go on, without limit, in the commission of the wrongs enumerated in the act, incurring no other risk than that of a mere personal liability, which would afford no indemnity whatever to the injured party. It may be fairly assumed that one of the main objects of the law was to remedy the very evil here indicated.

The third section provides, in almost the same terms, that steamboats and other vessels "shall also be liable to indemni-

fy the owner of any slave for any damage he may sustain by reason of the conveying or attempting to convey the slave thereon out of the State, or from one part of the State to another, without the consent in writing of the owner," &c. "The captain and owner of the boat shall *also* be personally liable to the owner for such slave."

The indemnity here provided for is as full and complete as the nature of the case admits of. And it was intended to be so, in view of the facility with which this peculiar class of injuries may be committed.

It was intended that the boat itself, wherever found, and whether in possession of the owner or of his bailee, should be subjected, by the summary process of attachment, to the indemnity provided for. And it needs no argument to prove that if the remedy given by the second section is to be restricted as contended for, that given by the third section must be also. Whether in a case like the present, the *owner* would be *personally* liable for the injury, or whether the personal liability would not rest upon the charterer, as temporary *owner*, within the meaning of the statute, is a question we need not decide.

Reference is made to a decision of this court in the case of *Parmele, &c. vs. Steamer "Mary Stevens,"* in which it was held that under the *first* section of the statute, no lien on the boat existed for debts contracted by persons who had chartered it from the owners. It will be seen, however, that that section gives a lien to secure the performance of a *contract* between the *owner* of the boat or vessel, and mechanics, tradesmen and others, for supplies materials, &c., "with a preference or priority therefor over any other *debt of the owner*." The construction which this section seems to have received in the case cited is not only consistent with its terms, but is forbidden by none of the considerations of policy which have been referred to. It appears, however, that no opinion was delivered by this court in that case, and whether the decision is to be deemed altogether authoritative is questionable.

The judgment is therefore reversed, and the cause remanded for a new trial and further proceedings in conformity with this opinion.