Joseph S. Cook and Wife, Plaintiffs in Error, *v.* James O. Shiras, Defendant in Error.

Where a mortgage was lost in its transmission by mail to an attorney for collection, to whom sundry payments were made reducing the mortgage debt to $1,500, and the mortgagor afterward made a note for $500, to the order of the attorney, taking a receipt that when paid the amount should

Cook and wife *v.* Shiras.

be credited on the mortgage; and, afterward, a third person took up the mortgage, and, by agreement with the mortgagors, included the $500 note, and extended the time of payment two years, as evidenced by a new note for $1,500, and also agreed that the mortgage should stand as a security for the debt, and that when the new note was paid it should be canceled.

*Held,* that here was an equitable assignment of the mortgage, which covered the amount of the $500 note, and that the third person, who paid to the holder the amount due on the mortgage, is entitled to be substituted in the place of the original mortgagee, and to hold the land as if he were his assignee.

ERROR TO THE SPECIAL TERM.—The facts appear in the opinion.

*Jordan, Jordan & Williams,* for plaintiffs in error.

*Collins & Herron,* for defendant in error.

HAGANS, J. The record in this cause discloses the following facts:

In 1862, Collins & Herron, attorneys of this city, received of one Reynolds for collection a claim for $3,000, secured by a mortgage on the property of the plaintiffs in error, Cook and wife, which mortgage was lost in its transmission by mail. Sundry payments in cash were made on account by the Cooks, who were also represented by Collins & Herron, reducing the claim to $1,500.

In May, 1866, Cook made a note, payable to the order of Jno. W. Herron, for $500, for which he gave a receipt that when the note was paid it should be credited on the Reynolds' mortgage. This note was renewed twice and was finally settled, and Reynolds paid in November following as follows: Mrs. Elizabeth Coolidge took up the mortgage, and by agreement with the Cooks extended the payment for two years. A new note for $1,500 was made by Cook and wife, because the mortgage note was lost, payable to Mrs. Coolidge, and she gave a receipt to Cook and wife, stating that when that note was paid it should be in full payment and

the mortgage should be canceled. The amount due on the Reynolds claim, including the amount of the note given to Herron, and some other small amounts, were calculated and the difference between that and the sum obtained of Mrs. Coolidge was paid in cash by Cook. The Coolidge note was afterward purchased by the defendant in error, by Herron, who was then his guardian, and now owns it. Nothing has been paid on it.

Through all these transactions it was agreed by the Cooks that the mortgage should continue as security for them. This statement presents the case fairly as we find it in the testimony and as the judge below determined it, though there are minor points not of sufficient moment to deserve more than this notice.

The judge below rendered judgment for the defendant in error for the full amount of the mortgage and interest, $1,683.75, and inasmuch as the life-estate of Mrs. Cook could not be subjected under the mortgage, decreed the appointment of a receiver to collect the rents of the mortgaged premises to pay the judgment, to all which exception was taken.

It was admitted that here was an equitable assignment to the defendant in error of the mortgage in question, but the dispute turns upon the amount to be collected under it. It is said that as to the note for $500 given to Herron there was no agreement that it should be secured by the mortgage, and that where an attorney voluntarily pays money for his client there can be no subrogation unless by agreement. Dixon on Subro. 164–166. But here, besides the fact that Herron represented the debtor, the arrangement of November with Mrs. Coolidge, and giving the $1,500 note by the plaintiff in error, without considering anything else in the case, seems to be decisive that the Cooks intended that this $500 should be covered by the mortgage; and we think, for the purpose of effecting the substantial justice of the case, that the party who paid the money due on the mortgage is entitled to be

substituted in the place of the mortgagees and to hold the land as if assignee of the mortgage. *Robinson* v. *Leavitt*, 7 N. H. 99; *Low* v. *Blodgit*, 1 Foster, 121; *Richardson* v. *The Wash. Bank*, 3 Met. 536.

The judgment will be affirmed.