EXCHANGE TRUST COMPANY *vs.* IVAH C. HITCHCOCK & others.

Suffolk.    March 21, 1924: — June 13, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Mortgage,* Of real estate.

Where the defeasance clause in a mortgage of real estate reads, "that if the grantor . . . shall pay . . . two thousand dollars . . . in one year from this date, with interest . . . at the rate as stated in a note of even date and given herewith, (together with any other liability or liabilities, direct or indirect of the grantor or either of them, to the holder or holders hereof, due or to become due, or which may hereafter be contracted) . . . then this deed, as also a promissory note of even date herewith . . . shall be void," and the mortgagor, after the giving of the mortgage, borrowed other moneys of the mortgagee, for which he had given a note further secured by collateral, the mortgagee, after a default and a sale in foreclosure of the mortgage, is not required first to apply the proceeds of the sale to the payment of the note for $2,000,

but may apply them first toward the payment of a balance remaining due on the second note after the sale and application of the collateral which secured it, and then may maintain a suit for a balance still due on the note for $2,000 against one who with the mortgagee's knowledge had indorsed it for accommodation, but who was not a party to the second note.

BILL IN EQUITY, filed in the Superior Court on April 4, 1923, against Ivah C. Hitchcock, and Frederick C. Hitchcock " as he is trustee" of a voluntary association known as The Duro Company, seeking to establish the liability of the defendant Ivah C. Hitchcock, hereinafter called the defendant, as one of the makers of a promissory note for $2,000 dated June 7, 1918, to recover a balance of $1,500 due thereon with interest and to reach and apply in satisfaction thereof shares owned by said Ivah C. Hitchcock in The Duro Company.

In the Superior Court, the suit was heard by *Hammond*, J., who found that on June 7, 1918, the defendant's husband, Frederick C. Hitchcock, borrowed from the plaintiff $2,000 and signed the note in question; that the defendant. also signed the note for the accommodation of her husband; that on the margin of the note at the time of her signing appeared the statement, " Secured by mortgage of real estate at Great Hill, Quincy, Massachusetts rec. with Norfolk Deeds;" that at the same time Frederick C. Hitchcock gave to the plaintiff a mortgage of real estate as security and the defendant joined therein releasing dower and homestead rights. Material portions of the defeasance clause in the mortgage are quoted in the opinion. On May 21, 1921, Frederick C. Hitchcock borrowed $22,916.41 from the plaintiff, giving therefor a note, which did not bear the name of the defendant and which was further secured by collateral. On September 8, 1923, the plaintiff foreclosed the mortgage and applied the proceeds, " which were sufficient to have extinguished the note signed by the defendant," solely toward the payment of a " balance due on the larger note and in partial satisfaction of said note, the proceeds being insufficient to satisfy it in full. Before said foreclosure the plaintiff knew that the defendant claimed, that, so far as she was concerned, the mortgage secured only the note signed by her."

At the trial, " the defendant contended that it was obligatory upon the plaintiff to have applied such proceeds, first, in satisfaction of the note in suit and thereby relieve the defendant of liability thereon, but I ruled that the plaintiff was entitled to apply the proceeds of the mortgage foreclosure sale upon the note of May 21, 1921, leaving the note of June 7, 1918, unpaid and found that the defendant owed the plaintiff the balance due thereon with interest and ordered a decree for the plaintiff with costs."

The trial judge reported the suit to this court for determination of the question of law raised therein with the following stipulation: " If on the law and facts herein set forth the plaintiff was required to apply the proceeds of the foreclosure sale in extinguishment of the note in suit, then a final decree is to be entered dismissing the bill with costs, otherwise an order is to be entered for a decree for the plaintiff for $1,500 with interest from March 7, 1922, and costs, the form of such decree as to subsidiary matters to be thereafter settled by the Superior Court."

*C. C. Barton,* for the plaintiff.

*J. Cavanagh,* for the defendant Ivah C. Hitchcock.

WAIT, J.   The law of this case is settled by *Richardson* v. *Washington Bank,* 3 Met. 536, *Wilcox* v. *Fairhaven Bank,* 7 Allen, 270, *Fall River National Bank* v. *Slade,* 153 Mass. 415, and *Boston Safe Deposit & Trust Co.* v. *Manning,* 211 Mass. 584.   The case differs entirely from *Fitcher* v. *Griffiths,* 216 Mass. 174, and from *Ricker* v. *Ricker,* 248 Mass. 549.

The contentions of the defendant rest throughout on a misapprehension of fact.   The mortgage held as security for the note in suit was not made, as she contends, " for the sole purpose of securing the note."   Its condition recites " that if the grantor . . . shall pay . . . two thousand dollars . . . in one year from this date, with interest . . . at the rate as stated in a note of even date and given herewith, (together with any other liability or liabilities, direct or indirect of the grantor or either of them, to the holder or holders hereof, due or to become due, or which may hereafter be contracted) . . . then this deed, as also a promissory note.

of even date herewith . . . shall be void "; and thus makes clear, since it is the condition of the mortgage referred to in the margin of the note in suit, that the security may apply, and in terms is made applicable, to other indebtedness of Frederick C. Hitchcock, then or thereafter existing.

The cases cited establish that the creditor in applying the proceeds of foreclosure as it has done, was wholly within its rights. The defence fails; and the order must be that a final decree be entered for the plaintiff in accordance with the terms of the report.

*So ordered.*