PAUL D. THIBERT *vs.* JOSEPH MORELLO.

Hampden. October 5, 1931. — December 1, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & FIELD, JJ.

*Contract*, Construction. *Payment.*

A lumber dealer who had furnished lumber to the value of $551 for the erection of a house and who held a mortgage thereon for $1,000 as security for lumber furnished or to be furnished, made a contract with a third person providing that the dealer should continue to furnish lumber for the house; that, if work on the house should be suspended for one week, the third person immediately would pay the dealer "for whatever lumber" the dealer "has furnished upon said job to date," not exceeding $1,000; and that upon such payment, the dealer should assign his mortgage to the third person. Thereafter, the dealer supplied further lumber to the value of $947. Subsequently work on the house was suspended for more than a week. There was no tender of payment by the third person nor request by him for assignment of the mortgage. The dealer foreclosed the mortgage and the property was sold to the third person's wife for $1,000. In an action by the dealer against the third person to recover $498, it was *held*, that

(1) The words in the contract, "has furnished upon said job to date," were unambiguous and imported an undertaking by the defendant to pay for lumber which had been furnished at the date of the agreement as well as that furnished after the date of the agreement;

(2) In the circumstances, the plaintiff rightfully applied the proceeds of the foreclosure sale, first to the payment of the part of the owner's debt not secured by the contract with the defendant, that is, that part of the owner's debt in excess of $1,000, and secondly toward payment of the balance of the defendant's obligation;

(3) The plaintiff was entitled to recover the amount he claimed.

CONTRACT. Writ in the District Court of Springfield dated December 11, 1929.

The action was heard in the District Court by *Spooner*, J. The contract between the parties recited that Thibert "has agreed to provide lumber necessary for the erection of a single house on premises known as Lot No. 3 on Homestead Drive, in said Springfield, belonging to Armand Viens, of said Springfield," that "there is a first mortgage upon said premises for the sum of . . . $1,800 and a second mortgage to Paul D. Thibert, aforesaid, to secure the lumber advanced or to be advanced for building said house, said lumber to be furnished or caused to be furnished by Paul D. Thibert or P. D. Thibert Lumber Company," and that Morello held a third mortgage for $1,400; and provided as follows: "it is hereby agreed by and between the said Paul D. Thibert and Joseph Morello that in the event that the work of building said house shall for any reason be suspended for the period of one week, the said Joseph Morello will pay the said Paul D. Thibert for whatever lumber the said Paul D. Thibert or P. D. Thibert Lumber Company has furnished upon said job to date and to pay the same immediately at the end of the suspension of work upon said building for said period of one week; and in consideration of the promise of said Joseph Morello to pay to the said Paul D. Thibert the amount necessary to reimburse him or the P. D. Thibert Lumber Company for the amount of lumber furnished upon said building at the time of suspension of work in manner aforesaid, the said Paul D. Thibert agrees to continue to furnish lumber or to cause lumber to be furnished by the said P. D. Thibert Lumber Company for the purpose of erecting said house to an amount of . . . $1,000; and upon payment by the said Joseph Morello to the said Paul D. Thibert for the lumber furnished or caused to be furnished by him at the date of any suspension above referred to the said Paul D. Thibert agrees to assign the second mortgage held by him on said premises for the sum of . . . $1,000 in order to secure the said Morello for said advance. Joseph Morello is not to pay over $1,000 . . . ."

Other material evidence, and the trial judge's disposition of rulings requested by the defendant, are stated in the opinion. The judge found for the plaintiff in the sum of $504.15 and reported the action to the Appellate Division for the Western District. The report was ordered dismissed and the defendant appealed.

The case was submitted on briefs.

*C. E. Poirier*, for the defendant.

*W. G. McKechnie, E. M. McCarthy, & M. J. Donovan*, for the plaintiff.

PIERCE, J. The report discloses that the declaration contains one count as follows: "Now comes the plaintiff in the above entitled action and says that on the fifth day of August, 1929, the plaintiff and the defendant entered into an agreement, a copy of which is hereto annexed and expressly made a part hereof, whereby the defendant agreed to pay the plaintiff for whatever lumber the said plaintiff or the P. D. Thibert Lumber Company, Inc., . . . furnished . . . upon a job on premises known as lot No. 3 on Homestead Drive, in said Springfield. The plaintiff has carried out the terms of said agreement and has furnished lumber upon said job and the work on said job has been discontinued for more than one week and the defendant has refused to pay the plaintiff the amount now owed the plaintiff upon said job and there is now due and owing to the plaintiff upon said job the sum of $498.54. Wherefore the defendant owes the plaintiff the sum of $498.54." The answer is a general denial.

At the trial there was evidence tending to show that the parties entered into the contract declared on by the plaintiff; that the balance due the plaintiff for materials furnished in accordance with the contract was $498.54; that in addition to the contract declared on, the plaintiff held as security for the lumber furnished or to be furnished a second mortgage covering the property referred to in the contract in the sum of $1,000; that this mortgage and a note of $1,000 were executed and delivered on July 2, 1929, by Armand Viens, owner of the property; that up to August 5, 1929, the date of the execution of the con-

tract declared on, the plaintiff had delivered to said Viens material to the amount of $551.26; that subsequently and before foreclosure was commenced, the plaintiff furnished to said Viens additional materials in the amount of $947.28. The report further shows that work was suspended within the meaning of the contract for a greater period than one week, work having terminated in the early part of October, 1929; that on October 18, 1929, for breach of the terms of said mortgage, the plaintiff commenced foreclosure proceedings and on December 19, 1929, sold the property under the power of sale. At this sale a bid of $1,000 was made by the defendant, who instructed the auctioneer to charge it to his wife, Lilia Morello, and to put the property in her name on his book. No payment or tender of payment by the defendant for material furnished to said Viens under the contract declared on was made "immediately after the end of the suspension of work upon said building for said period of one week" or at any time thereafter, and "no request was made by defendant for an assignment of said mortgage by Thibert according to the terms of said agreement."

At the close of the trial the defendant filed the following requests for rulings: "1. That under any construction of said agreement the defendant's liability thereunder was limited to $1,000. 2. That the payment of $1,200 made to the plaintiff at the foreclosure sale was a payment made by the defendant. 3. That the payment of $1,200 by the defendant to the plaintiff on November 9, 1929, at the foreclosure sale of said premises was a full performance of the defendant's obligation under said agreement. 4. That if the defendant is obligated to the plaintiff in the sum of $1,000, the defendant, according to the agreement, is entitled to an assignment of the plaintiff's mortgage, and the plaintiff, by foreclosing his said mortgage, has rendered himself unable to perform his part of the agreement. 5. That if the defendant is in default of said agreement, the plaintiff's damages are nominal. 6. That the defendant is not liable for the materials furnished up to August 5, 1929, in the agreed amount of $551.26. 7. That the plaintiff

cannot recover because on the admission of the plaintiff and on all the evidence it must be found that the lumber was delivered to 30 Homestead Drive and there is no evidence to show that 30 Homestead Drive and Lot No. 3 Homestead Drive mentioned in the agreement relied upon, are the same property." The judge granted requests numbered 1 and 6, severally denied those numbered 2, 3, 4, 5 and 7, and found that the defendant paid the plaintiff nothing pursuant to the agreement declared on, but bid in the property known as "Lot No. 3" in said agreement at a foreclosure sale as agent for a third person. The defendant claiming to be aggrieved by the refusal to grant the rulings requested, the judge reported the case for determination by the Appellate Division. The Appellate Division found there was no prejudicial error on the part of the trial judge and ordered the entry on the docket of said court, "Report Dismissed." The case comes before this court on the appeal of the defendant from the "final decision of the Appellate Division."

At the hearing in this court "the defendant relies solely upon the lower court's refusal to grant request number 5 and waives the lower court's refusal to grant requests number 2, 3, 4 and 7." The only question argued by the defendant in support of his requests for ruling number 5 is whether or not, as matter of law, the provision of the agreement "that in the event that the work of building said house shall for any reason be suspended for the period of one week, the said Joseph Morello will pay the said Paul D. Thibert for whatever lumber the said Paul D. Thibert or P. D. Thibert Lumber Company has furnished upon said job to date," means date of agreement or date of suspension of work. We think the words "has furnished upon said job to date" are unambiguous and import an undertaking to pay for lumber which had been furnished at the date of the agreement as well as after the date of the agreement. The contract being so interpreted, it follows on the facts reported that the defendant had incurred a liability of $1,000 on a principal indebtedness of $1,498.54 where the creditor had other security to the extent of $1,000

in the form of a mortgage to secure the lumber advanced or to be advanced on the premises, known as "Lot No. 3," belonging to Armand Viens. In the circumstances here disclosed the creditor after foreclosure was within his right in applying the proceeds first to the payment of the part of the debt of Viens not secured by the agreement of the defendant, and secondly to the discharge of the defendant's obligation. *Wilcox* v. *Fairhaven Bank,* 7 Allen, 270. *Exchange Trust Co.* v. *Hitchcock,* 249 Mass. 547.

The entry must be, order "report dismissed" affirmed.

*So ordered.*