CLARENCE W. CARLSON & another *vs.* LAWRENCE H. OPPENHEIM CO.

Suffolk.    May 9, 1956. — July 23, 1956.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Payment. Mortgage,* Of real estate: what secured. *Equity Pleading and Practice,* Injunction, Decree, Appeal. *Contempt.*

Under a mortgage of real estate of a wife given to secure a joint promissory note of the wife and her husband and providing that it was to secure "the payment of any and all indebtedness past, present and future" of the husband or wife to the mortgagee, the mortgagee was entitled to apply payments made by the husband from time to time, without instructions by him as to their application, to notes given by him only to the mortgagee for loans to him subsequent to the mortgage, although certain of such payments were made by the husband to forestall foreclosure of the mortgage and the mortgagee did not notify the wife of the subsequent loans to her husband.  [464–465]

In a suit in equity for an accounting and for redemption from a mortgage of real estate, a preliminary injunction enjoining a foreclosure sale by the defendant "pending final determination" of the suit did not survive the entry of a final decree providing for discharge of the mortgage upon payment of a specified sum by the plaintiff within sixty days and was not in force when, after the plaintiff had failed to make the payment within the sixty days, the defendant held a foreclosure sale, although the plaintiff had seasonably claimed an appeal from the final decree; and it was error to hold the defendant in contempt on the ground of his having violated the preliminary injunction by the sale.  [465–466]

BILL IN EQUITY, filed in the Superior Court on August 26, 1955.

The plaintiffs appealed from a final decree entered by order of *Morton, J.*

PETITION for contempt, filed in the Superior Court on January 23, 1956.

The defendant appealed from an order by *Brogna, J.,* adjudging it guilty of contempt.

*Sydney Berkman,* (*Joseph Kruger* with him,) for the defendant.

*Mario Misci,* for the plaintiffs, submitted a brief.

WILLIAMS, J.   This is a bill by two mortgagors for an accounting of the amount due under a mortgage to the defendant, the establishment of their right to redeem, and an injunction against a threatened foreclosure sale.   A preliminary injunction was issued on September 1, 1955, enjoining the sale "pending final determination of this suit." A judge of the Superior Court found the material facts to be as follows.   On or about November 19, 1951, the plaintiffs, who are husband and wife, gave to the defendant their joint promissory note for $3,000 bearing interest at the rate of twenty-four per cent and secured by a mortgage on the real estate of the wife at 79 Ocean Street, Quincy.   The mortgage provided that it was to secure "the payment of any and all indebtedness past, present and future to the said mortgagee of said Clarence W. Carlson and/or Lillian J. Carlson and/or Clarence W. Carlson, Inc., a Massachusetts corporation.".   Thereafter Carlson, on some ten occasions, borrowed money from the defendant on notes signed by him but not by his wife.   He made payments on his indebtedness from time to time without instructions as to their application and the defendant applied the payments on the notes given subsequent to the mortgage.   In 1952 payments of principal and interest due on the mortgage were in default and the defendant advertized a foreclosure sale on April 22, 1953.   The sale was continued about fifteen times at the request of the "plaintiff" who made payments on account which were applied in the manner above stated.   The last adjournment of the sale was to August 29, 1955, and on the refusal of the defendant to postpone it further this suit was commenced. The judge ruled that, "in the absence of directions from the debtor," the defendant had a "right to apply payments on

any note owed by the . . . [plaintiffs] or either of them" and found that as of June 1, 1955, there was due under the mortgage $8,256.39 plus any expenses and interest accrued since that date.

A final decree entered on November 17, 1955, established the indebtedness of the plaintiffs "upon the mortgage" in the sum of $8,486.96 and ordered that upon payment by the plaintiffs of that sum, with interest and accrued costs, within sixty days the defendant should discharge the mortgage. The decree further provided that if the plaintiffs failed to make such payment "upon application to the court and notice to the said plaintiffs, a supplemental decree shall be entered dismissing the plaintiffs' bill, with costs to the defendant." The plaintiffs filed a claim of appeal from the decree on November 22, 1955.

On January 18, 1956, the defendant notified Carlson that it intended to conduct the foreclosure sale on January 20 and on that date proceeded to hold the sale. Carlson filed a petition for contempt on January 23 alleging that the sale was in violation of the injunction issued on September 1, 1955. After a hearing at which it was agreed that the petitioner had made no payment to the defendant within sixty days after the final decree was entered, the defendant was adjudged guilty of contempt, disposition of the same being continued until the plaintiffs' appeal from the final decree should be decided by this court. The defendant appealed from the order on contempt and its appeal as well as the plaintiffs' appeal from the final decree is now before us.

We see no merit in the plaintiffs' appeal. The evidence is not reported and the finding of the judge as to the amounts due on the mortgage must stand. It is well established that a creditor holding security for several loans may, in the absence of agreement, apply payments on account in such manner as will be most beneficial to him. *Richardson* v. *Washington Bank*, 3 Met. 536. *Wilcox* v. *Fairhaven Bank*, 7 Allen, 270, 273. *Exchange Trust Co.* v. *Hitchcock*, 249 Mass. 547. *Killoren* v. *Hernan*, 303 Mass. 93, 97. Compare *Snell* v. *Rousseau*, 257 Mass. 559, 561–562, which relates to

the application of payments in a running account. That certain payments by Carlson were made to forestall foreclosure did not require the judge to find that the parties impliedly agreed that these payments were to be credited on the $3,000 note rather than on the other notes secured by the mortgage. It was not necessary that the defendant notify Mrs. Carlson of its loans to her husband, as the plaintiffs contend, in order that they be secured by the mortgage. The mortgage was not a mere offer which required subsequent notice of acceptance to the mortgagors by the mortgagee when loans were made in accordance with its terms. See *Mayo* v. *Bloomberg,* 290 Mass. 168, 170–171; *Century Indemnity Co.* v. *Bloom,* 329 Mass. 508, 513. It was a valid conveyance (*Perry* v. *Miller,* 330 Mass. 261, 263–264) binding upon the grantors when executed. There was no error in the final decree.

The correctness of the adjudication of contempt depends on the effect of the final decree upon the preliminary injunction which is alleged to have been violated by the defendant. The procedural rules involved have been stated in *Lowell Bar Association* v. *Loeb,* 315 Mass. 176, 189–190. "When a final decree is entered, a preliminary injunction has served its purpose. If the plaintiff is then deemed entitled to an injunction, the final decree can provide it. . . . [A] preliminary injunction does not survive the entry of a final decree [which becomes effective as soon as entered], whether relief is thereby granted or denied." Proceedings under a final decree are stayed under G. L. (Ter. Ed.) c. 214, § 19, but only after an appeal has been seasonably claimed and the appeal is entered in this court. During the time which necessarily must elapse before the appeal can be perfected, there is a statutory power in the court that entered the decree and in this court to grant any needed injunction and to make any other proper interlocutory order, pending the appeal. G. L. (Ter. Ed.) c. 214, §§ 21, 22. These provisions make unnecessary any automatic continuance in force of a preliminary injunction

after final decree. Here the preliminary injunction was not in force at the time of the foreclosure sale because of the intermediate entry of the final decree. Proceedings under that decree had not been stayed, since, as appears from the docket entries, the plaintiffs' appeal had not then been perfected by entry in this court. The defendant's action therefore was not in violation of a court order, and it ought not to have been held in contempt.

*Final decree affirmed.*
*Order on contempt reversed.*