*Western District*

# HOME PRIDE PROVISIONS, INC.
## v.
# SAFE DEPOSIT BANK & TRUST CO.

Argued: May 16, 1967  Decided: August 29, 1967

*Present:* Garvey, P.J., Moore, J. and Levine, J.

Tried to: *Donohoe, J.* in the District Court of Holyoke. No. R-98-65.  Superior Court No. 110806.

*Levine, J.* This is an action of contract remanded to the District Court of Holyoke, in which the plaintiff as second mortgagee seeks to recover the sum of $2,744.88 out of the proceeds of a mortgage foreclosure sale by the defendant, the first mortgagee. The answer was a general denial. The case was tried with certain stipulated facts and on other evidence. There was a finding for the plaintiff in the amount of $2,744.88 with interest from June 9, 1964. The defendant claimed a report.

On *March 22, 1963* the defendant received from Walter C. Malanowski and others a mortgage note in the amount of $21,000 secured by a mortgage on property in South Hadley, Massachusetts owned by the Malanowskis. The mortgage by its terms secured

> "the payment of $21,000 payable as respects both principal and interest as provided in a note of even date herewith, signed by the mortgagors — and payable to the mortgagee or order, and to secure the performance of all of the covenants and agreements herein and in said note contained, and also to secure other liabilities hereinafter referred to."

The mortgage also provided that

> "the Mortgagor agrees to pay to the holder hereof all sums as and when due and payable on the note and on other liabilities hereby secured, and agrees that the Mortgagee may hold and treat the

premises herein conveyed as collateral security for any and all liabilities due to the Mortgagee from the Mortgagor or from any party to the note secured hereby, whether said liabilities are direct or indirect, absolute or contingent, due or to become due, now existing or hereafter arising; and further agrees that the Mortgagee may apply or set off such collateral against any said liabilities.''

On *April 3, 1962,* Walter Malanowski a/k/a Walter C. Malanowski and his wife Anne Malanowski signed a note in the sum of $2,299.59 payable to the defendant. The application for the loan indicated that the purpose of the loan was for repairs. There was no collateral or security for this loan. The balance at the time of the foreclosure was $1,188.88.

On *August 27, 1963,* another personal loan was made to Walter Malanowski alone in the sum of $1,500 without security or collateral. The note was endorsed by one John W. Wohrle. The balance at the time of the foreclosure was $1,556.

On *January 4, 1964,* Walter C. Malanowski, Sophie Malanowski, Anne T. Malanowski and Wladyslaw Malanowski executed a note to the plaintiff in the sum of $18,000 secured by a mortgage on the same real estate as that covered by the defendant's first mortgage. The mortgage securing the note was signed by the makers of the note with the exception of Walter

C. Malanowski, as successors in title to the premises covered by the mortgage of March 22, 1963 held by the defendant and the mortgage stated that it was subject to the first mortgage of the defendant in the original sum of $21,000.

On *May 15, 1964,* the defendant, pursuant to a foreclosure, sold the real estate in question for $27,000. The defendant disbursed the proceeds of the sale by paying itself $24,025.04 as follows: $20,690.96 for principal and interest due on note of March 22, 1963, $589.20 for foreclosure expenses and legal fees, $1,188.88 due on personal loan of April 3, 1962 and $1,556 due on note of August 27, 1963. The balance of the proceeds from the foreclosure sale in the sum of $2,974.96 was paid over to the plaintiff as second mortgagee.

The plaintiff protested the division of the proceeds of the foreclosure sale, claiming that the defendant had no right to pay itself the amount of the two personal notes of April 3, 1962 and August 27, 1963 and brought this suit to recover $2,744.88, the amount the defendant paid itself as due it on the two notes.

The plaintiff filed twenty-two requests for rulings of law which the trial judge treated as waived. The defendant duly filed the following requests for rulings of law:

> 1. The evidence including that stipulated to warrants a finding for the defendant.
> 2. There is no evidence including that

stipulated to, to warrant a finding for the plaintiff.

3. There is evidence including that stipulated to, to warrant the finding that the plaintiff has failed to sustain the burden of proof that the defendant owes it $2,744.88 plus interest for money had and received by the defendant to the plaintiff's use.

4. There is evidence including that stipulated to, to warrant the finding that the plaintiff has failed to sustain the burden of proof that the provisions of the mortgage given to the defendant by Walter C. Malanowski et al. quoted on Page 2 of the plaintiff's declaration, did not permit the defendant to apply the proceeds of a sale conducted by it to foreclose said mortgage, to the payment of two notes — one given on April 3, 1962 by Walter Malanowski and Anne Malanowski to the defendant, and the other given on August 27, 1963 by Walter Malanowski to the defendant.

5. The evidence including that stipulated to, warrants the finding that the defendant has sustained the burden of proof, if it has this burden, that it had a valid mortgage senior to the plaintiff's mortgage and which secured two notes to the defendant which were paid off with the proceeds of a foreclosure of said mortgage

to the defendant — one of said notes given on April 3, 1962 by Walter Malanowski and Anne Malanowski to the defendant, the other given on August 27, 1963 by Walter Malanowski to the defendant.

6. Where a recorded first mortgage in addition to referring to a specific indebtedness contains provisions extending the security to other existing indebtedness of the mortgagors or any one or more of them or future indebtedness of the mortgagors or any one or more of them, said provisions being quoted in the plaintiff's declaration, such provisions are effective as against a junior mortgagee with notice of such provisions, and the proceeds of a foreclosure of the first mortgage may be applied to such indebtedness.

7. Where a recorded first mortgage in addition to referring to a specific indebtedness contains provisions extending the security to other existing indebtedness of the mortgagors, or any one or more of them, said provisions being quoted in the plaintiff's declaration, such provisions are effective as against a junior mortgagee with notice of such provisions and the proceeds of a foreclosure of the first mortgage may be applied to such other existing indebtedness.

8. Where a recorded first mortgage in addition to referring to specific indebted-

ness contains provisions extending the security to future indebtedness of the mortgagors or any one or more of them, said provisions being quoted in the plaintiff's declaration, such provisions are effective as against a junior mortgagee with notice of such provisions and the proceeds of a foreclosure of the first mortgage may be applied to such indebtedness.

9. Where the duly recorded first mortgage given by three mortgagors with their heirs, executors, administrators, successors and assigns, referred to as the mortgagor, to the defendant to secure a promissery note for a specific amount, said note and mortgage being dated March 22, 1963, and to secure other liabilities referred to in the mortgage, and the mortgage contains the following provisions: ''The Mortgagor agrees to pay to the holder hereof all sums as and when due and payable on the note and on other liabilities hereby secured, and agrees that the Mortgagee may hold and treat the premises herein conveyed as collateral security for any and all liabilities due to the Mortgagee from the Mortgagor or from any party to the note secured hereby, whether said liabilities are direct or indirect, absolute or contingent, due or to become due, now existing or hereafter and further agrees that the Mortgagee may apply or set off such collateral against any

said liabilities''; other liabilities referred to therein shall be deemed to include a promissery note dated April 3, 1962 given by one of the mortgagors to the defendant and a promissory note given by one of the mortgagors and his wife to the defendant dated August 27, 1963, and the proceeds of a foreclosure of the first mortgage shall, therefore, be applied to said three promissory notes ahead of a note dated January 4, 1964 given by successors in title of the real estate covered by the first mortgage payable to the plaintiff and secured by a second mortgage on said real estate dated January 4, 1964.

10. A clause in a mortgage which is so worded that it covers debts of the mortgagors or any one or more of them other than the note specifically referred to in the mortgage, said debts being defined as ''any and all liabilities due to the morgagee from the mortgagor or from any party to the note secured hereby, whether said liabilities are direct or indirect, absolute or contingent, due or to become due, now existing or hereafter arising'' shall be given full force and effect and take precedence over a claim asserted against the mortgaged property under a second mortgage covering the same.

11. The defendant was justified in using the proceeds of the foreclosure sale in

part to satisfy the notes dated April 3, 1962 and August 27, 1963 even if it is established that other security existed which might have been resorted to, to in part satisfy said notes.

12. The plaintiff is charged with notice of the defendant's mortgage and the terms thereof, because of the fact that the defendant's mortgage was recorded prior to the plaintiff's mortgage.

The trial judge allowed the first and twelfth requests for rulings of law and denied the other ten requests. The trial judge also made certain findings of facts which in substance noted the recording on March 22, 1963 of a mortgage to the defendant in the amount of $21,000; that on January 4, 1964, a mortgage in the sum of $18,000 made subject to the $21,000 mortgage of the defendant, was given to the plaintiff; that the mortgage of the defendant was properly foreclosed; that the highest bid at the foreclosure sale was $27,000; that at the time of the foreclosure sale, the defendant was owed $19,994.48 on the mortgage note, interest on same in the sum of $696.47 and foreclosure expenses and legal fees of $589.20; that at the time of said sale there was due to the plaintiff the sum of $18,000 plus interest of $262.80; that the defendant paid the plaintiff the sum of $2,974.96 from the balance of the proceeds of the foreclosure sale; that the defendant paid itself the sum of $2,744.88 due on

two notes of April 3, 1962 and August 27, 1963 and further found that the clause in the mortgage deed which provided "that the Mortgagor agrees to pay to the holder hereof all sums as and when due and payable on the note and on other liabilities hereby secured, and agrees that the Mortgagee may hold and treat the premises herein conveyed as collateral security for any and all liabilities due to the Mortgagee from the Mortgagor or from any party to the note secured thereby, whether said liabilities are direct or indirect, absolute or contingent, due or to become due, now existing or hereafter arising; and further agrees that the Mortgagee may apply or set off such collateral against any said liabilities" applies as against subsequent mortgage holders only to the extent of the face amount of the mortgage, 21,000, interest due, and foreclosure fees and expenses.

The sole question raised by this appeal is whether the mortgage given to the plaintiff by Malanowski dated January 4, 1964 has priority over the two personal loan notes dated April 3, 1962 and August 27, 1963 held by the defendant.

We are of opinion that the case at bar is governed in principle by the case of *Bennett* v. *Worcester County National Bank,* 330 Mass. 64, a case that was decided January 4, 1966. In that case, the defendant bank was the mortgagee under a construction mortgage given to secure a construction loan under a construction loan

agreement. The agreement permitted the bank, in case of foreclosure, to expend money for the completion of the building if necessary to protect its security. The bank foreclosed its mortgage and expended money to complete the building in excess of the face amount of the mortgage. The court held that the amount secured by the first mortgage was not limited to the mortgagor's original indebtedness under the note.

In its brief, the plaintiff argues at great length that the instant case is governed by G.L. c. 183, § 28A, which provides that "Any sum or sums which shall be loaned by the mortgagee to the mortgagor at any time after the recording of any mortgage of real estate, to be expended for paying for repairs, improvements or replacements to, or for taxes or other municipal liens, charges or assessments on, the mortgaged premises, shall be equally secured with and have the same priority as the original indebtedness, to the extent that the aggregate amount outstanding at any one time when added to the balance due on the original indebtedness shall not exceed the amount originally secured by the mortgage. The provisions of this section shall apply to all forms of mortgages on real estate."

The above statute has no application to the present case. In speaking in regard to the above quoted statute, the court in the *Bennett* case said, "insofar as the instant section limits

the amount of indebtedness which is secured under a mortgage, it applies only to loans to the mortgagor which might otherwise not be secured by the terms of the mortgage." It has no limiting effect upon prior or subsequent loans authorized by the terms of the original mortgage.

In the case at bar, the mortgage given to the defendant is not merely for the sole purpose of securing the note of $21,000, but goes further and states that "the Mortgagor agrees to pay to the holder hereof all sums as and when due and payable on the note and on other liabilities hereby secured, and agrees that the Mortgagee may hold and treat the premises herein conveyed as collateral security for any and all liabilities due to the Mortgagee from the Mortgagor or from any party to the note secured thereby, whether said liabilities are direct or indirect, absolute or contingent, due or to become due, now existing or hereafter arising; and further agrees that the Mortgagee may apply or set off such collateral against any said liabilities."

Under the above clause in the mortgage, the real estate or security is made applicable to any and all liabilities of the mortgagor then or thereafter existing. The plaintiff, whose second mortgage was subject to the defendant's first mortgage, is bound by the condition in the first mortgage and cannot complain. *Exchange*

*Trust Co.* v. *Hitchcock,* 249 Mass. 547; *Carlson* v. *Lawrence H. Oppenheim Co.,* 334 Mass. 462.

We find no merit in the contention of the plaintiff that the defendant should have satisfied the personal loan note dated August 27, 1963 by looking to the endorser thereof for payment. Under the provisions contained in the first mortgage, the defendant was wholly within its rights in paying itself the note from the proceeds of the foreclosure sale. *Exchange Trust Co.* v. *Hitchcock,* 249 Mass. 547.

There was prejudicial error in the denial of the defendant's requests for rulings of law numbered two through eleven. Accordingly, the **finding for the plaintiff is to be vacated and judgment is to be entered for the defendant.**

PHILIP J. RYAN
  of Springfield for the Plaintiff.
GEORGE B. SCULLY
  of Holyoke for the Defendant.