ALPHONSE J. COMEAU *vs.* F. C. FRIEND MORTGAGE CORP.

Middlesex.    November 16, 1933. — February 14, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Contract*, Construction. *Mortgage*, Of real estate: construction loan mortgage, accounting for surplus in mortgagee's hands after foreclosure.

Where it appeared that the mortgagee under a construction loan mortgage was not legally obligated, in the circumstances, to make a certain payment for building materials delivered to the mortgagor, but nevertheless made it, the mortgagee was a mere volunteer in making it and was not entitled to charge the amount thereof against the proceeds of a sale of the land in foreclosure of the mortgage.

CONTRACT.    Writ in the Second District Court of Eastern Middlesex dated March 21, 1932.

The action was heard in the District Court by *Maloney,* J.    Material facts are stated in the opinion.    The judge found for the plaintiff in the sum of $1,580.80, and reported the action to the Appellate Division for the Northern District.    The report was ordered dismissed.    The defendant appealed.

In its brief before this court, the defendant stated one of the issues to be whether it properly could charge $97.28 of the $141.69 in question as an advance.    On this issue the defendant's contentions were: "The report . . . says 'it was agreed . . . that the amount of the lumber delivered by the Friend Lumber Co. Inc. was $1,044.41; that $1,000 of that amount was delivered under . . . the Schedule of Payments in said agreement . . . that therefore $97.28 of said $141.69 was paid under the Schedule of Payments stipulation.' . . . The trial judge . . . said that the justification fails because . . . [of the provision of the agreement that the mortgagee] shall be no longer bound by the agreement if the mortgage shall be foreclosed.    It would almost seem too plain for argument that said paragraph 13 refers to the release of the mortgagee from the necessity of making further advances after foreclosure, and has no reference to the right of the mortgagee to make payment after foreclosure of liabilities incurred by the mortgagee under the mortgage before foreclosure. . . . Accepting the court's qualified ruling on the defendant's second request, the only issue is whether the advance was made at the time the lumber was delivered or at the time of payment on March 8, 1932. . . . It is not a situation where there was an attempt to create a new obligation after foreclosure, but merely a question as to the time of payment of an obligation then existing.    If the contract under which the lumber was delivered is binding, the time of payment is immaterial. . . . The criterion is whether or not a chargeable advance was made at the time the lumber was delivered.    If so, the time of payment becomes immaterial."

Another issue stated was whether the defendant properly

could charge, as an advance, the remaining $44.41 of the $141.69. On this issue the defendant's contentions were: "The averments of the agreed facts are directly and unequivocally to the effect that the amount claimed was paid under paragraph 8 of the construction mortgage agreement. These averments should be decisive, and the trial court had no right to substitute for this agreed statement of facts its finding that no guarantee was given. . . . The finding is therefore tainted in a material aspect by an erroneous ruling of law, for the obvious reason that the agreed statement of facts dispensed with the necessity of producing evidence as to the existence of the guarantee. The defendant respectfully submits that the finding of the court was based on an oversight as to the uncontroverted facts. Therefore, the court's reason as to the failure of the justification for the charges having been disposed of by the uncontroverted statement of facts, the court should have allowed the defendant's request number 3."

The case was submitted on briefs.

*L. A. George,* for the defendant.

*J. A. McCarty,* for the plaintiff.

PIERCE, J. This is an action of contract under which the plaintiff seeks to recover of the defendant $1,580 as money had and received by the defendant to the plaintiff's use. The answer is a general denial. There is also an answer in the nature of an interpleader, which is not referred to otherwise in the report.

There was evidence in support of the findings made by the trial judge so far as there was any dispute about them. These facts are in substance as follows: The defendant, the holder of a construction mortgage given by one Merilda Bernier, dated May 15, 1931, for $2,500, on February 24, 1932, duly foreclosed the same and received from the sale $4,400. As mortgagee in possession it had collected $104 in rent, making a total of $4,504. The defendant is bound to account to the proper record title holder for any surplus remaining after the proper charges. The plaintiff, as holder of two mortgages subject to the mortgage which was foreclosed, is entitled to recover of the defendant, if entitled to

recover at all, the sum of $1,580.80 out of any surplus, or so much as there may be surplus remaining in the defendant's hands to satisfy the plaintiff's claim.

The foreclosed mortgage, with mortgage covenants, purports to secure the payment of $2,500 in or within two months, with interest, payable as provided, in one note of even date, May 15, 1931.   Contemporaneously with the execution of the construction mortgage the defendant, as mortgagee, entered into a written agreement with the mortgagor which recites the giving of the mortgage.   This agreement contains the material paragraphs 4 and 8 as follows: "4. The mortgagee agrees to advance to the mortgagor the amount of $2500.00 during the erection of said building, subject to the terms of this agreement and conditions set forth in the schedule hereto annexed marked 'Schedule of Payments' at the times and stages of construction therein set forth.   The mortgagee may anticipate payments at any time without becoming liable to holders of junior encumbrances or to any person whatsoever."   "Schedule of Payments  Upon the written certificate of Thomas L. Thistle the examiner for the mortgagee for whose services the mortgagor agrees to pay the mortgagee, the mortgagee agrees to make the following payments: 1. To pay to the Friend Lumber Co., Inc. for lumber to be delivered in payments as the mortgagee may see fit  1000.00  2. When roof tight and chimney built  500.00  3. When finished outside and studded off  600.00  4. When plastered and skimmed 400.00  Total payments  2,500.00"  "8. Guarantees given by said mortgagee for payment of labor or material for said building and charges for labor and materials furnished by said mortgagee for said building, if any, may be charged as advances on said mortgage loan against such payment or payments as said mortgagee may see fit."

The charges entered on the defendant's ledger leave a balance of $1,446.34, and "it was agreed that this amount was correct with the exception of an entry made on the ledger on March 8, 1931 [1932?] for a lumber payment to Friend Lumber Co. Inc. in the sum of $141.69 paid on that day by the defendant to the Friend Lumber Co. Inc. . . . that the

amount of the lumber delivered by the Friend Lumber Co. Inc. under the agreement was $1,044.41; that $1,000.00 of that amount was delivered under Item 2 [1?] of the Schedule of Payments in said agreement; that the balance of the deliveries were made under paragraph 8 of said agreement; that therefore $97.28 of said $141.69 was paid under the Schedule of Payments stipulation and the balance of $44.41 under said paragraph 8." It was the plaintiff's contention that the balance in the defendant's hands amounted to at least $1,580 and that the payments to be charged under the mortgage were the actual payments made by the defendant before the date of foreclosure.

The sole question here presented is, Can the defendant be allowed the item of $141.69 against the net proceeds of the foreclosure sale? The defendant made the following requests for rulings: (1) "the defendant is entitled to charge as an advancement on the construction mortgage and agreement the lumber furnished by the Friend Lumber Co. Inc. to the amount of $1,044.41"; (2) "the defendant is entitled to charge as an advancement on the construction mortgage and agreement lumber furnished by the Friend Lumber Co. Inc. to the amount of $1,000 under item #1 'Schedule of Payments'"; (3) "the defendant is entitled to charge as an advancement under paragraph 8 of the construction mortgage agreement the $44.41 for lumber furnished in excess of $1,000 by Friend Lumber Co. Inc."; (4) "the item 'Lumber Bill $141.69' is properly chargeable in the defendant's accounting as first mortgagee"; (5) "the defendant guaranteed the payment of the mortgagor's lumber account with Friend Lumber Co. Inc."; and (6) "under the defendant's guarantee of the payment of the mortgagor's lumber account with Friend Lumber Co. Inc. the defendant is entitled to allowances for the lumber furnished to the amount of $1,044.41." The trial judge denied the requests numbered 1, 3, 4, 5 and 6 and allowed the request numbered 2 "with the qualification that such advance must have been made before the foreclosure sale."

The report to the Appellate Division states: "The de-

fendant justifies the payments under item 1 and said paragraph 8." But the trial judge found that the justification failed for the reason, among others, that paragraph 13 provides that "The mortgagee shall be no longer bound by this agreement if said mortgage shall be foreclosed for breach of the condition"; and that "there is nothing to show [in the evidence] that the defendant gave any guarantee to the Friend Lumber Company for the payment of material for the building under paragraph 8." The admitted fact that payment for lumber delivered before the foreclosure was not made until after the foreclosure, with the fact found by the trial judge that "There is nothing to show that the defendant gave any guarantee to the Friend Lumber Company for the payment of material for the building under paragraph 8," prevented the defendant from charging, as an advance payment, for such lumber delivered to the mortgagor before foreclosure. So far as appears by the report the defendant, beyond such guaranties as it made under paragraph 8, was not in any way legally obligated after the foreclosure, to pay in behalf of the mortgagor for any lumber delivered during the erection of the building by the mortgagor under item 1 of the Schedule of Payments of the agreement. It follows that the payment of $141.69 made by the defendant after the foreclosure of the mortgage (see paragraph 13 of the agreement) was a voluntary payment in behalf of the mortgagor, and not, as it contends, a chargeable advance under said item 1 and paragraph 8 of the agreement effective as of the time the lumber was delivered.

The defendant's contention as respects matters which might have arisen under its answer in interpleader are not open under the report.

We find no prejudicial error in the disposal of the defendant's requests. It follows that the order "Report dismissed" is

*Affirmed.*