JOSEPH E. BENNETT & another, trustees, *vs.* WORCESTER COUNTY NATIONAL BANK.

Norfolk. December 7, 1965. — January 4, 1966.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & SPIEGEL, JJ.

*Mortgage,* Of real estate: what is secured, construction loan mortgage.

Where a first mortgage given to secure payment of a promissory note of the mortgagor to the mortgagee and "also to secure the performance of all the terms and conditions" of a construction loan agreement between the parties provided that any breach of the agreement would constitute a breach of the mortgage, and the agreement provided that the mortgagor should construct a building on the mortgaged premises and that if the mortgagor failed to "complete the construction" the mortgagee should have the right to do so, and it appeared that the mortgagor failed to complete the construction at a time when the mortgagee's advances totalled a sum less than the amount of the note and that the mortgagee then completed the building, it was held that the mortgagee was not a "volunteer" in completing it and that, upon a subsequent sale of the premises at foreclosure for a sum less than the aggregate of the mortgagee's advances and its completion expenses but more than the amount of the note, the mortgagee was entitled to charge its completion expenses as well as its advances to the proceeds of the foreclosure sale to the exhaustion thereof as against a second mortgagee of the premises. [66–67]

A provision of a construction loan agreement secured by a mortgage, that the mortgagee, upon the mortgagor's failure to complete construction of a building on the mortgaged premises, should have the right to complete it and should be "authorized to charge all money expended for said completion against any payments not already advanced" on the note, was intended to ensure that whatever sums the mortgagee expended to complete construction would be secured by the mortgage, not to fix the amount not then advanced as the maximum of the mortgagee's expenditures which would be secured by the mortgage.   [67]

G. L. c. 183, § 28A, deals only with loans by a mortgagee to the mortgagor which might otherwise not be secured by the terms of the mortgage, and does not limit the amount secured by its terms.   [67–68]

CONTRACT.   Writ in the Superior Court dated May 7, 1963.

The action was heard by *Dewing, J.*

*Harold M. Linsky* for the plaintiffs.

*Henry C. Horner* for the defendant.

SPALDING, J.   This is an action of contract in which the plaintiffs as second mortgagees seek to recover the sum of $12,600 out of the proceeds of a mortgage foreclosure sale by the defendant, the first mortgagee.   The case was submitted on a statement of agreed facts and the judge ordered judgment for the defendant.   The plaintiffs appealed.

The defendant (Worcester County National Bank, hereinafter called the bank) held a first mortgage on a fifteen acre lot in Spencer owned by the Azniv Realty Trust (Azniv).   The mortgage was executed in February of 1962 to secure the payment on August 1, 1962, of a $155,000 note contemporaneously delivered to the bank by Azniv.   The mortgage was "also to secure the performance of all the terms and conditions of a certain Construction Loan Agreement of even date" between Azniv and the bank, any breach of the agreement to constitute a breach of the mortgage.

The construction loan agreement contained these provisions: Azniv was to construct a shopping plaza on the land described in the mortgage according to the plans submitted to the bank.   Azniv agreed that the workmanship and materials were to be of the best quality and to the bank's satisfaction.   "In the event the contractor fails to complete the construction of the building within a reasonable time, Bank shall thereupon have the right but shall not be

bound to take immediate possession of said premises and proceed to complete the building . . . and Bank is authorized to charge all money expended for said completion against any payments not already advanced." A breach of any of the covenants or conditions of the agreement by Azniv would release the bank from its obligations. In this event the bank would be authorized to exercise the power of sale contained in the mortgage. The real estate involved was not to be further encumbered except with the written consent of the bank.

In May of 1962, Azniv gave a second mortgage on the property to the plaintiffs to secure a loan of $10,000; this mortgage, which was recorded, was explicitly made subject to the bank's mortgage. The bank's consent to this transaction was neither sought nor granted.

In July of 1962, Azniv became financially unable to complete the construction of the plaza. After making several demands for performance, the bank decided to foreclose, and filed a petition in court for this purpose on August 8, 1962. At this point, $133,608.93 had been advanced under the construction loan agreement.

The bank advertised the sale of the land and the uncompleted building, and the best offer it received was $95,000. Rejecting this offer, the bank completed the building itself at an expense of $60,643.51. The property was subsequently sold by foreclosure for $186,000. After deducting the amounts advanced to Azniv under the note, the completion expense, interest and other expenses, the bank had a net loss of $14,290.22. No part of the proceeds of the sale was distributed to the plaintiffs, who made demand for an accounting of $12,600.

There was no error.

The plaintiffs contend that upon Azniv's breach by failure to complete the building the bank's obligation to advance money for the project ceased by the terms of the agreement, the bank becoming a "volunteer" as to any sums subsequently advanced and thereby not entitled to charge them against the foreclosure proceeds. (In support of this contention they rely on *Comeau* v. *F. C. Friend*

*Mortgage Corp.* 285 Mass. 310, 315.) Accordingly, the plaintiffs would limit the bank's recovery to the $133,608.93 advanced up to the time of the breach. This argument ignores the fact that the bank expressly reserved the right to complete the building, and that Azniv's failure to complete violated a covenant, the performance of which was secured by the mortgage. Neither of these factors was involved in the *Comeau* case.

The plaintiffs argue that in any event the amount secured to the bank by the mortgage was limited to $155,000, Azniv's original indebtedness under the note. The language of the mortgage makes clear that it was executed to secure not only repayment of the $155,000 note, but also the performance of all the terms of the construction loan agreement. One of these terms was that Azniv would complete the building. Since it failed to do so, a breach occurred and the mortgaged property became subject to a sale to cover the cost of performing Azniv's obligations under the agreement, as well as for any amounts already advanced under the note. See *Hallett* v. *Moore,* 282 Mass. 380, 393–394; *Wiggin* v. *Lowell Five Cent Sav. Bank,* 299 Mass. 518. The statement in the agreement that the bank "is authorized to charge all money expended for . . . completion [of the building] against any payments not already advanced" does not alter this meaning. The intention here is not that the sum as yet unadvanced under the note limits either the amounts which may be expended to complete the building in case of breach, or the amounts which, if expended to complete, would be secured by the mortgage. The obvious purpose of this clause was to ensure that whatever sums the bank would have to expend to complete the construction would be secured by the mortgage.

The plaintiffs are not aided by G. L. c. 183, § 28A, inserted by St. 1946, c. 438, § 1, which provides that any sums "loaned by the mortgagee to the mortgagor" to be expended for repairs, improvements, taxes, or liens and so forth are secured with the same priority as the original indebtedness, "to the extent that the aggregate amount out-

standing at any one time when added to the balance due on the original indebtedness shall not exceed the amount originally secured by the mortgage." In so far as this statute limits the amount of indebtedness which is secured under a mortgage, it deals only with loans to the mortgagor which might otherwise not be secured by the terms of the mortgage.

*Order for judgment affirmed.*