*Western District*

## HARRY CONSTANTINOS

v.

## SPRINGFIELD INSTITUTION FOR SAVINGS

Argued: June 18, 1970 - Decided: July 8, 1970

*Present:* Garvey, P.J., Levine, Allen, J.J.

Case tried to *Sloan, J.,* in the District Court of Springfield No. 207384.

*Levine, J.* This is an action of contract in which the plaintiff seeks to recover $1,403.36 for money paid under protest by the plaintiff to the defendant to pay off a home improvement loan owed by Leon P. Vallones and wife (hereinafter called Vallones) to the defendant for the improvement of the premises at #253 Belmont Avenue, in Springfield. The plaintiff was the purchaser of said premises which were sold at foreclosure sale conducted by the second mortgagee under a mortgage given by said Vallones. The defendant held the first mortgage on said premises.

The answer was a general denial. The court found for the plaintiff in the sum of $1,403.36. The defendant claimed a report. The case was submitted on a statement of agreed facts which provided in its entirety, as follows:

"The Vallones granted the defendant a first

mortgage dated January 30, 1966 covering the premises at #253 Belmont Avenue, in Springfield as security for a promissory note in the amount of $13,500 executed by the Vallones and payable to the defendant. The Vallones gave the defendant a second note, the proceeds from this note were used entierly *for repairs* and improvements to the mortgaged premises. On November 4, 1968, the holder of the second mortgage held a foreclosure sale, at which the plaintiff was the highest bidder. The premises were sold subject to the first mortgage held by the defendant. Prior to bidding at the foreclosure sale, the plaintiff knew the principal balance due on each note held by the defendant and that the latter claimed both notes were secured by the first mortgage and were in default. The plaintiff paid the defendant $1,403.36 under protest in full satisfaction of the home improvement loan made a payment on the first note to bring that note current."

This case came to us as a "case stated" because it was submitted to the trial judge on a statement of agreed facts, and therefore, requests for rulings of law were not necessary. "Where, as here, cases have been submitted on agreed facts amounting to a case stated . . . . . ; it is the duty of the judge to order the correct judgment on the agreed facts." *Richard D. Kimball Co.* v. *Medford,* 340 Mass. 727, 728.

The only issue to be decided is —"Was the first mortgage given to the defendant by the Vallones security for the home improvement

loan represented by the second note given by them to the defendant?"

The mortgage given to the defendant by the Vallones provided that it was not merely security for the note of $13,500, but also "to secure the payment of all future sums hereafter due from the mortgagor herein to the mortgagee herein." Therefore, the home improvement loan note comes under the security of the first mortgage and the second mortgage is subject to the conditions in the first mortgage and cannot complain. *Exchange Trust Co.* v. *Hitchcock*, 249 Mass. 547. *Carlson* v. *Lawrence H. Oppenheim Co.*, 334 Mass. 462.

The law of the case at bar is settled by what was said in *Bennett* v. *Worcester County National Bank*, 350 Mass. 64, which we cited in an opinion dated August 29, 1967 in the case of *Home Pride Provisions, Inc.* v. *Safe Deposit Bank & Trust Co.*, 38 Mass. App. Dec. 150, a case very similar in its facts to the instant case. The court in the *Bennett* case held that the amount secured by the first mortgage was not limited merely to the mortgagor's original indebtedness under the note.

The plaintiff argues that G.L. c. 183, § 28A* limits the amount to be loaned by the bank, but the court in the *Bennett* case, at p. 68 said, "In-

---

* Any sum or sums which shall be loaned by the mortgagee to the mortgagor at any time after the recording of any mortgage of real estate, to be expended for paying for repairs, improvements or replacements to, or for taxes or other municipal liens, charges or assessments on, the mortgaged premises, shall be equally

sofar as this statute limits the amount of indebtedness which is secured under a mortgage, it deals with loans to the mortgagor which might otherwise not be secured by the terms of the mortgage."

There was prejudicial error in the general finding for the plaintiff. Accordingly, the finding for the plaintiff is to be vacated and a **judgment is to be entered for the defendant.**

WILLIAM L. COHEN
of Springfield for the plaintiff.

PAUL DOHERTY
of Springfield for the defendant.

---

secured with and have the same priority as the original indebtedness, to the extent that the aggregate amount outstanding at any one time when added to the balance due on the original indebtedness shall not exceed the amount originally secured by the mortgage. The provisions of this section shall apply to all forms of mortgages on real estate.

No action under this section shall affect the rights of the holder of any encumbrance which is subject to that of the mortgagee granting the accommodation for the purpose of paying for repairs or replacements to, or for taxes or other municipal liens, charges or assessments on, the mortgaged premises, and recorded prior to September first, nineteen hundred and forty-six, unless his written assent shall be obtained, nor shall any such action affect the rights of an original borrower unless his written assent shall be obtained. In cases where the accommodation is for the purpose of making improvements to the mortgaged premises no action hereunder shall affect the rights of the holder of any ecumbrance which is subject to that of the mortgagee granting said accommodation and recorded prior to September first, nineteen hundred and fifty-six, unless his written assent shall be obtained, nor shall any such action affect the rights of an original borrower unless his written assent shall be obtained. (1946, 438, § 1; 1956, 92.)